# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.

| | |
|---|---|
| THOMAS FORBES, as he is the | * |
| Personal Representative of the | * |
| Estate of GEORGE J. FORBES, | * |
| | * |
| **PLAINTIFF** | * |
| | * |
| | * |
| v. | * |
| | * |
| GREGORY TRUCKING COMPANY, INC.; | * |
| WILEY LENUE HOOKS, | * |
| GREGORY LEASING COMPANY, INC.; | * |
| B S G LEASING, INC.; | * |
| B&C TIMBERS LLC.; | * |
| MAC COMPANY, INC., and | * |
| BB&S ACQUISITION CORP., | * |
| | * |
| **DEFENDANTS** | * |
| | * |

## COMPLAINT & JURY DEMAND

## STATEMENT OF THE CLAIM

George Forbes was killed in a crash with a tractor trailer on 24

August 2016 in Dalton, MA.

**JURISDICTION-VENUE**

1. Jurisdiction in this matter is based upon 28 U.S.C. §1332, diversity of citizenship. The matter in question is a tort causing personal injury in the Commonwealth of Massachusetts. The Plaintiff, the decedent and the decedent's estate are all of the Commonwealth of Massachusetts; and the Defendants are residents of, and/or are duly organized and existing under the laws of, North Carolina and Rhode Island. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

2. Venue is proper in the District of Massachusetts, Western Division, as this is the jurisdiction in which a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

3. The Plaintiff, THOMAS FORBES, is the duly appointed and qualified Personal Representative of the Estate of GEORGE J. FORBES (Berkshire Probate & Family Court, Docket No. BEl6P0623EA), late of 10 Old Great Barrington Rd., W. Stockbridge, Berkshire County, MA.

1    4. The Defendant, GREGORY TRUCKING COMPANY, INC., is a

2        corporation duly organized under the laws of North Carolina, with

3        a principal place of business at 147 Lumber Drive, Harmony, NC.

4    5. The Defendant, WILEY LENUE HOOKS, is a natural person with

5        a place of residence at 125 Mann Road, Harmony, NC.

6    6. The Defendant, GREGORY LEASING. COMPANY, INC.,   is a

7        corporation duly organized under the laws of North Carolina, with

8        a principal place of business at 147 Lumber Drive, Harmony, NC.

9    7. The Defendant, B S G LEASING, INC., is a corporation duly

10       organized under the laws  of North Carolina, with a principal place

11       of business at 179 Lumber Drive, Union Grove, NC.

12    8. The Defendant, B & C TIMBERS, LLC., is a corporation duly

13       organized under the laws of North Carolina, with a principal place

14       of business at 147 Lumber Drive, Harmony, NC.

15    9. The Defendant, MAC COMPANY, INC., is a corporation duly

16       organized under the laws of North Carolina, with a principal place

17       of business at 179 Lumber Drive, Union Grove, NC.

18    10. The Defendant, BB&S ACQUISITION CORPORATION is a

19       corporation duly Organized under the laws of Rhode Island, with a

20       principle place of business in North Kingston, RI.

21

22

# FACTUAL ALLEGATIONS

11. On or about August 24, 2016, the Plaintiff's intestate, GEORGE J. FORBES, was operating his motor vehicle Eastbound on East Street, a public way in Dalton, Berkshire County, Massachusetts.

12. At the same time and place, the Defendant, WILEY LENUE HOOKS, was operating a commercial tractor trailer truck owned by and registered to the Defendant, GREGORY LEASING COMPANY, INC., southbound on Hubbard Avenue, a public way in Dalton, Berkshire County, Massachusetts.

13. At said time and place, the Defendant, WILEY LENUE HOOKS, negligently, unlawfully, and carelessly operated the Defendant, GREGORY LEASING COMPANY, INC.'s commercial tractor trailer truck, and thereby travelled through a red light and entered into the intersection of said East Street and Hubbard Avenue, causing said commercial tractor trailer truck to collide with the Plaintiff's intestate's vehicle.

14. At the time the Defendant, WILEY LENUE HOOKS, was operating said commercial tractor trailer truck, the Defendant, WILEY LENUE HOOKS, was doing so as the employee and/or agent of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G

1    LEASING, INC., B&C TIMBERS LLC., MAC COMPANY,

2    INC., and/or BB&S ACQUISITION CORP.

3    15.  At the time the Defendant, WILEY LENUE HOOKS, was

4        operating said commercial tractor trailer truck, the Defendant

5        WILEY LENUE HOOKS's, commercial driver's license had been

6        suspended.

7    16.  As of said date of August 24, 2016, the Defendants, GREGORY

8        LEASING COMPANY, INC., GREGORY TRUCKING

9        COMPANY, INC., B S G LEASING, INC., B&C TIMBERS

10       LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION

11       CORP. knew or should have known that the Defendant, WILEY

12       LENUE HOOKS' driver's license had been suspended.

13   17.  Despite the Defendant, WILEY LENUE HOOKS', demonstrated

14       inability to operate  a motor vehicle in a safe manner and/or in

15       accordance with law, the Defendants, GREGORY LEASING

16       COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B

17       S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY,

18       INC., and/or BB&S ACQUISITION CORP. entrusted, permitted,

19       authorized and provided the Defendant, WILEY LENUE HOOKS,

20       with the commercial tractor trailer truck he was operating on

21       August 24, 2016.

22

18. Despite the Defendant, WILEY LENUE HOOKS' demonstrated inability to operate a motor vehicle in a safe manner and/or in accordance with the law, the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC.,   MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. hired and/or retained the Defendant, WILEY LENUE HOOKS, as their employee and/or agent as of and through August 24, 2016.

19. As directed and proximate result of the aforesaid acts and conduct of the Defendants, WILEY LENUE HOOKS, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC.,  B&C TIMBERS LLC.,   MAC COMPANY, INC., and/or BB&S ACQUISITION CORP., the commercial tractor truck operated by the Defendant, WILEY LENU HOOKS, struck the Plaintiff's intestate's vehicle, causing the Plaintiff's intestate to suffer severe injuries.

20. As a result of the injuries sustained thereof, the Plaintiff's intestate, GEORGE J. FORBES, suffered great pain of body and anguish of mind, incurred large expenses for medical care and attendance, was prevented from transacting his business, and thereafter on August 26, 2016, the plaintiff's

1    intestate, GEORGE J. FORBES, died.

2    21.  Defendants WILEY LENUE HOOKS, GREGORY LEASING

3    COMPANY, INC., GREGORY TRUCKING COMPANY,

4    INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC

5    COMPANY, INC., and/or BB&S ACQUISITION CORP. and

6    their employees and agents were subject to the rules and regulations

7    contained and set forth in Title 49, Code of Federal Regulations

8    (Federal Motor Carrier Safety Regulations.)

9    22. Defendants WILEY LENUE HOOKS, GREGORY LEASING

10    COMPANY, INC., GREGORY TRUCKING COMPANY,

11    INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC

12    COMPANY, INC., and/or BB&S ACQUISITION CORP. were

13    registered with the Federal Motor Carrier Safety Administration as

14    interstate commercial motor carriers.

15    23.  The Motor Carrier Safety Regulations define "Motor Carrier" as a

16    for hire motor carrier or a private motor carrier; including a motor

17    carrier's agents, officers and representatives, as well as employees

18    responsible for hiring, supervising, training, assigning, or

19    dispatching of drivers and employees concerned with the

20    installation, inspection, and maintenance of motor vehicle

21    equipment and/or accessories, this definition includes the term

22    "employer." 49 CFR §390.5

24. The Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic and a freight handler. 49 CFR §390.5

25. At all relevant time, Defendant Wiley Lenue Hooks was a driver of a commercial tractor trailer and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

26. The Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR §390.5

27. At all relevant times the tractor trailer driven by Wiley Lenue Hooks was a "Motor Vehicle" as defined by the Motor Carrier Safety Regulations.

28. The Motor Carrier Safety Regulations define "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that

1    business, or assigns employees to operate it. 49 CFR §390.5

2    29. "For Hire Motor Carrier" means a person engaged in the

3    transportation of goods or passengers for compensation. 49 CFR

4    §390.5

5    30. "Private Motor Carrier" means a person who provides

6    transportation of property or passengers, by commercial motor

7    vehicle and is not a 'for hire motor carrier…'" "Person" means any

8    individual, partnership, association, corporation, business trust or

9    any other organized group of individuals. 49 CFR §390.5

10   31. Gregory Trucking Co., Inc., Gregory Leasing Co., Inc.,  and

11   MAC Company, Inc.,  have the same president, agent for service

12   and the same corporate address according to the NC. Secretary of

13   State's office.

14   32. BSG Leasing, Inc., and B&C Timbers, LLC., have the same

15   president, managing member, agent for service, and the  same

16   corporate address according to the NC. Secretary of State's office.

17

18

19   **COUNT I**
20   **M.G.L. c. 229 §6 – Conscious Pain & Suffering**
21

22   33. The Plaintiff realleges Paragraphs 1-32 of this Complaint

23   and incorporates them by reference into this Count I.

34. At the time of the crash, Defendant Wiley Lenue Hooks owed a duty to the Plaintiff to operate the tractor trailer with ordinary care.

35. At the time of the crash, Defendant Wiley Lenue Hooks breached said duty and negligently operated the tractor trailer and as a direct and proximate result of the negligent acts and conduct of the Defendant, WILEY LENUE HOOKS, as set forth herein, the Plaintiff's instate, GEORGE J. FORBES, suffered great pain of body and anguish of mind, incurred large expenses for medical care and attendance, was prevented from transacting his business, and thereafter on August 26, 2016, the Plaintiff's intestate, GEORGE J. FORBES, died.

36. This Count is brought by the Personal Representative against the Defendant, WILEY LENUE HOOKS, for conscious pain and suffering sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, WILEY LENUE HOOKS, for damages, interest, and costs, and for such other and further relief the Court deems equitable and just.

## COUNT II

## MGL c. 229, §2 – Wrongful Death

37. The Plaintiff realleges Paragraphs 1-36 of this Complaint, and incorporates them by reference into this Count II.

38. At the time of the crash, Defendant Wiley Lenue Hooks owed a duty to the Plaintiff to operate the tractor trailer with ordinary care.

39. At the time of the crash, Defendant Wiley Lenue Hooks breached said duty and negligently operated the tractor trailer and as a direct and proximate result of the negligent acts and conduct of the Defendant, WILEY LENUE HOOKS, as set forth herein, the Plaintiff's instate, GEORGE J. FORBES, suffered great pain of body and anguish of mind, incurred large expenses for medical care and attendance, was prevented from transacting his business, and thereafter on August 26, 2016, the Plaintiff's intestate, GEORGE J. FORBES, died.

40. This Count is brought by the Personal Representative against the Defendant, WILEY LENUE HOOKS, for the death of GEORGE J. FORBES and for the use of the next of kin of the said GEORGE J. FORBES.

1    **WHEREFORE,** the Plaintiff demands judgment against the

2    Defendant, WILEY LENUE HOOKS, for punitive damages,

3    damages, interest, and costs, and for such other and further relief

4    the Court deems equitable and just.

5

6

7    **COUNT III**
8    **MGL c. 229, §2 – Gross Negligence - Punitive Damages**

9

10    **41.** The Plaintiff realleges Paragraphs 1- 40 of his Complaint,

11    and incorporates them by reference into this Count III.

12    42. At the time of the crash, Defendant WILEY LENUE

13    HOOKS owed a duty to the Plaintiff to operate the tractor

14    trailer with ordinary care.

15    43. At the time of the crash, Defendant WILEY LENUE

16    HOOKS breached said duty and negligently and/or with

17    gross negligence operated the tractor trailer and as a direct

18    and proximate result of the negligent acts and conduct of the

19    Defendant, WILEY LENUE HOOKS, as set forth herein, the

20    Plaintiff's instate, GEORGE J. FORBES, suffered great pain

21    of body and anguish of mind, incurred large expenses for

22    medical care and attendance, was prevented from transacting

1   his business, and thereafter on August 26, 2016, the

2   Plaintiff's intestate, GEORGE J. FORBES, died.

3   44.   The Plaintiff's intestate, GEORGE J. FORBES', death

4         was caused by the malicious, willful, wanton or reckless

5         conduct of the Defendant, WILEY LENUE HOOKS, and/or

6         by the gross negligence of the Defendant, WILEY LENUE

7         HOOKS, all as set forth herein.

8   45.   This Count is brought by the Personal Representative for

9         punitive damages against the Defendant, WILEY LENUE

10        HOOKS, for the death of GEORGE J. FORBES.

11  **WHEREFORE,** the Plaintiff demands judgement against the

12  Defendant, WILEY LENUE HOOKS, for damages, punitive

13  damages, interest, and costs, and for such other and further

14  relief the Court deems equitable and just.

15

16

17          **COUNT IV**
18          **M.G.L. c. 229, §2, §6**
19     **Gross Negligence – Negligent Entrustment –**
20  **Punitive Damages- Conscious Pain and Suffering**

21

22  *46.* The Plaintiff realleges Paragraphs 1-45 of his Complaint, and

23  incorporates them by reference into this Count IV.

24

47. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. negligently entrusted, was grossly negligent, permitted, authorized and/or provided the Defendant, WILEY LENUE HOOKS, with the commercial tractor trailer truck he was operating on August 24, 2016 in the transportation of commerce.

48. The Plaintiff's intestate, GEORGE J. FORBES', death was caused by the gross negligence, malicious, willful, wanton or reckless conduct of the Defendants GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. as set forth herein.

49. As a result of the negligent acts and/or gross negligence and conduct of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. as set forth herein, the Plaintiff's intestate, GEORGE J. FORBES, suffered great pain of body and anguish of mind, incurred large expenses for

1    medical care and attendance, was prevented from transacting his

2    business, and thereafter on August 26, 2016, the Plaintiff's

3    intestate, GEORGE J. FORBES, died.

4    50. This Count is brought by the Personal Representative against

5    the Defendants, GREGORY LEASING COMPANY, INC.,

6    GREGORY TRUCKING COMPANY, INC., B S G LEASING,

7    INC., B&C TIMBERS LLC.,  MAC COMPANY, INC.,  and/or

8    BB&S ACQUISITION CORP. for conscious pain and suffering

9    sustained by GEORGE J. FORBES, and is brought for the

10   benefit of the Estate of GEORGE J. FORBES.

11   **WHEREFORE**,  the  Plaintiff  demands  judgment  against  the

12   Defendants, GREGORY LEASING COMPANY, INC., GREGORY

13   TRUCKING COMPANY, INC., B S G LEASING, INC.,  B&C

14   TIMBERS  LLC.,  MAC  COMPANY,  INC.,  and/or  BB&S

15   ACQUISITION CORP. for damages, punitive damages, interest, and

16   costs, and for such other and further relief the Court deems equitable

17   and just.

18
19                            **COUNT V**
20          **M.G.L. c. 229,  §2  Wrongful Death**
21                **Negligent Entrustment**

22   51. The Plaintiff realleges Paragraphs 1-50 of his Complaint, and

23       incorporates them by reference into this Count V.

52. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. negligently entrusted, permitted, authorized and/or provided the Defendant, WILEY LENUE HOOKS, with the commercial tractor trailer truck he was operating on August 24, 2016 in the transportation of commerce.

53. As a result of the negligent acts and conduct of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. as set forth herein, the Plaintiff's intestate, GEORGE J. FORBES, suffered great pain of body and anguish of mind, incurred large expenses for medical care and attendance, was prevented from transacting his business, and thereafter on August 26, 2016, the Plaintiff's intestate, GEORGE J. FORBES, died.

54. This count is brought by the Personal Representative against the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. for the death of GEORGE J.

1    FORBES and for the use of the next of kin of the said GEORGE

2    J. FORBES.

3    **WHEREFORE**, the Plaintiff demands judgment against the

4    Defendants, GREGORY LEASING COMPANY, INC., GREGORY

5    TRUCKING COMPANY, INC., B S G LEASING, INC., B&C

6    TIMBERS LLC.,    MAC COMPANY, INC., and/or BB&S

7    ACQUISITION CORP. for damages, interest, and costs, and for such

8    other and further relief the Court deems equitable and just.

9

10   **<ins>COUNT VI</ins>**
11   **<ins>M.G.L. c. 229, §6  Conscious Pain & Suffering</ins>**
12   **<ins>Negligent Employment, Hiring,</ins>**
13   **<ins>Training, Supervision, & Retention</ins>**

14

15   55. The Plaintiff realleges Paragraphs 1-54 of his  complaint,

16       and incorporates them by reference into this Count VI.

17   56. The Defendants, GREGORY LEASING COMPANY, INC.,

18       GREGORY TRUCKING COMPANY, INC., B S G LEASING,

19       INC., B&C TIMBERS LLC.,   MAC COMPANY, INC., and/or

20       BB&S ACQUISITION CORP. had a duty to have safety rules,

21       regulations, policies and procedures in place to hire safe truck

22       drivers, and/or trucking companies to prevent injuries and protect

23       the public.

57. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. had a duty, imposed by law and regulation, to diligently and adequately screen, potential drivers and/or "employees," to adequately train, to adequately supervise, and adequately retain them to the extent mandated by the Federal Motor Carrier Safety Regulations. Such duties include, but are not limited to:

A. To obtain a complete employment application before permitting an agent, servant, and/or employee" to drive a commercial vehicle. 49 CFR §391.21;

B. To investigate the agents, servants, and/or "employee's" drivers employment record during the preceding three (3) years by all reasonable means. 49 CFR §391.23(a)(2), 391.23(c);

C. To inquire into the agent's, servant's, and/or "employee's" driving record within thirty (30) days after employment begins. 49 CFR §391.23(a);

D. To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or 'employee" to drive a commercial motor

1     vehicle. 49 CFR §391.31(a);

2     E. To investigate the driver's safety performance history with the

3     Department of Transportation regulated employer during the

4     preceding three (3) years. 49 CFR §391.23(2);

5     F. Ensure that its driver was physically qualified to operate a

6     tractor trailer and had a valid and current DOT medical

7     examiner's certificate. 49 CFR §391.41;

8     G. Ensure that its driver was properly licensed to

9     operate a tractor trailer;

10     H. To require and verify its drivers pass a knowledge

11     and skills test as prescribed by Federal Motor

12     Carrier Safety Regulations. 49 CFR §380.109 and 49

13     CFR §380.509;

14     I. To train its drivers on the Federal Motor Carrier Safety

15     Regulations pertaining to medical certification, medical

16     examination procedures, general qualifications, responsibilities

17     and disqualifications. 49 CFR §380.503;

18     J. To ensure that its drivers have been properly trained and show

19     proof of that training with a training certificate. 49 CFR

20     §391.41; 49 CFR §380.505;

21

22

K. To ensure that its drivers were continuously physically qualified to safely operate a tractor trailer. 49 CFR §391.41, 49 CFR §391.43;

L. To maintain a driver qualification file for each driver employed. 49 CFR §391.51;

M.   To maintain a driver investigation history file for each driver it employs. 49 CFR §391.53;

N. To not allow or permit its on duty drivers to be in possession of drugs as listed in 49 CFR §392.4(a);

O. To not schedule a run, nor permit, nor require the operation of any commercial vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at seeds greater than those prescribed by law. 49 CFR §392.6;

P. To require observance by its drivers of any duty or prohibition imposed upon the drivers by the federal Motor Carrier Safety Regulations. 49 CFR §390.11;

Q. To not require or permit a driver, including Defendant WILEY LENUE HOOKS, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any

1    other cause, as to make it unsafe for him/her to

2    begin or continue to operate the commercial motor

3    vehicle. 49 CFR §392.3;

4    R. To not permit allow a driver, including Defendant

5    WILEY LENUE HOOKS, to operate a commercial

6    motor vehicle unless that person is qualified to

7    drive a commercial motor vehicle. 49 CFR §391.11;

8    S. To not aid, abet, encourage or require any of its

9    employees to violate the safety regulations

10   contained within chapter 390. 49 CFR §390.13;

11   T. To prohibit its employees from driving a

12   commercial motor vehicle unless the employee had

13   first completed and furnished defendants with an

14   application for employment that meets the

15   requirements as set forth in 49 CFR §391.21(b);

16   U. To make investigation and inquiry with respect to each driver

17   it employs and to do so in the manner prescribed in 49 CFR

18   §391.23;

19   V. To obtain the motor vehicle record of every driver

20   it employed, including the Defendant    WILEY

21   LENUE HOOKS, at least once every twelve (12)

22   months in order to determine whether that driver

1         continues to meet the minimum requirements for

2         safe driving or is disqualified to drive a

3         commercial motor vehicle. 49 CFR §391.25;

4   W. To require each of its drivers, including the

5         Defendant WILEY LENUE HOOKS, to furnish it

6         with a list of all violations of motor vehicle traffic

7         laws and ordinances of which he/she has been

8         convicted in the preceding twelve (12) months. 49

9         CFR §391.27;

10   X. To prohibit its employees, including the Defendant

11         WILEY LENUE HOOKS, from driving until the

12         driver has successfully completed a road test and

13         been issued a certificate of driver's road test. 49

14         CFR §391.31; and

15   Y. To ensure that its drivers, including the Defendant

16         WILEY LENUE HOOKS, were physically qualified

17         to operate a commercial motor vehicle and that its

18         drivers had undergone the necessary examinations

19         in the required time frames as set forth within the

20         Federal Motor Carrier Safety Regulations. 49 CFR

21         §391 – subpart E.

22

58. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. negligently hired, employed, trained, supervised and/or retained the Defendant, WILEY LENUE HOOKS, as of and through August 24, 2016.

59. Defendant's - GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. – actions and omissions in hiring, employing, training, supervising and retaining the Defendant Wiley Lenue Hooks – including their violations of the Federal Motor Carrier Safety Regulations – were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others.

60. Defendants - GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP.- willful, wanton and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and punitive damages are appropriate in this action in order to punish the

1    defendants and deter others from similar conduct.

2    61. As a result of the negligent acts and conduct of the

3    Defendants, GREGORY LEASING COMPANY, INC.,

4    GREGORY TRUCKING COMPANY, INC., B S G LEASING,

5    INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or

6    BB&S ACQUISITION CORP. as set forth herein, the Plaintiff's

7    intestate; GEORGE J. FORBES, suffered great pain of body and

8    anguish of mind, incurred large expenses for medical care and

9    attendance, was prevented from transacting his business, and

10    thereafter on August 26, 2016, the Plaintiff's intestate,

11    GEORGE J. FORBES, died.

12    62. This Count is brought by the Personal Representative against

13    the Defendants, GREGORY LEASING COMPANY, INC.,

14    GREGORY TRUCKING COMPANY, INC., B S G LEASING,

15    INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or

16    BB&S ACQUISITION CORP. for conscious pain and suffering

17    sustained by GEORGE J. FORBES, and is brought for the

18    benefit of the Estate of GEORGE J. FORBES.

19

20    **WHEREFORE**, the Plaintiff demands judgment against the

21    Defendants, GREGORY LEASING COMPANY, INC., GREGORY

22    TRUCKING COMPANY, INC., B S G LEASING, INC., B&C

1  TIMBERS LLC., MAC COMPANY, INC., and/or BB&S

2  ACQUISITION CORP. for punitive damages, damages, interest, and

3  costs, and for such other and further relief the Court deems equitable

4  and just.

5

**COUNT VII**
**M.G.L. c. 229, § 2 Wrongful Death**
**Negligent Employment, Hiring, Training,**
**Supervision & Retention**

11  63. The Plaintiff realleges Paragraphs 1-62 of his Complaint, and

12      incorporates them by reference into this Count VII.

13  64. The Defendants, GREGORY LEASING COMPANY, INC.,

14      GREGORY TRUCKING COMPANY, INC., B S G LEASING,

15      INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or

16      BB&S ACQUISITION CORP. had a duty to have safety rules,

17      regulations, policies and procedures in place to hire safe truck

18      drivers, and/or trucking companies to prevent injuries and protect

19      the public.

20  65. The Defendants GREGORY LEASING COMPANY, INC.,

21      GREGORY TRUCKING COMPANY, INC., B S G LEASING,

22      INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or

23      BB&S ACQUISITION CORP. had a duty, imposed by law and

24      regulation, to diligently and adequately screen potential drivers

1     and/or "employees," to adequately train, to adequately supervise,

2     and to adequately retain them   to the extent mandated by the

3     Federal Motor Carrier Safety Regulations.

4     66. Such duties include, but are not limited to:

5       A. To obtain a complete employment application before

6           permitting an agent, servant, and/or employee" to drive a

7           commercial vehicle. 49 CFR §391.21;

8       B. To investigate the agents, servants, and/or "employee's"

9           drivers employment record during the preceding three (3)

10          years by all reasonable means. 49 CFR §391.23(a)(2),

11          391.23(c);

12       C. To inquire into the agent's, servant's, and/or "employee's"

13          driving record within thirty (30) days after employment

14          begins. 49 CFR §391.23(a);

15       D. To require a successfully completed road test before

16          commencing employment, and permitting the applicant, agent,

17          servant, and/or 'employee" to drive a commercial motor

18          vehicle. 49 CFR §391.31(a);

19       E. To investigate the driver's safety performance history with the

20          Department of Transportation regulated employer during the

21          preceding three (3) years. 49 CFR §391.23(2);

22

F. Ensure that its driver was physically qualified to operate a tractor trailer and had a valid and current DOT medical examiner's certificate. 49 CFR §391.41;

G. Ensure that its driver was properly licensed to operate a tractor trailer;

H. To require and verify its drivers ass a knowledge and skills test as prescribed by Federal Motor Carrier Safety Regulations. 49 CFR §380.109 and 49 CFR §380.509;

I. To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities and disqualifications. 49 CFR §380.503;

J. To ensure that its drivers have been properly trained and show proof of that training with a training certificate. 49 CFR §391.41; 49 CFR §380.505;

K. To ensure that its drivers were continuously physically qualified to safely operate a tractor trailer. 49 CFR §391.41, 49 CFR §391.43;

L. To maintain a driver qualification file for each driver employed. 49 CFR §391.51;

**M.**   To maintain a driver investigation history file for each driver it employs. 49 CFR §391.53;

**N.** To not allow or permit its on duty drivers to be in possession of drugs as listed in 49 CFR §392.4(a);

O. To not schedule a run, nor permit, nor require the operation of any commercial vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at seeds greater than those prescribed by law. 49 CFR §392.6;

P. To require observance by its drivers of any duty or prohibition imposed upon the drivers by the federal Motor Carrier Safety Regulations. 49 CFR §390.11;

Q. To not require or permit a driver, including Defendant WILEY LENUE HOOKS, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 CFR §392.3;

R. To not permit allow a driver, including Defendant WILEY LENUE HOOKS, to operate a commercial

motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 CFR §391.11;

S. To not aid, abet, encourage or require any of its employees to violate the safety regulations contained within chapter 390. 49 CFR §390.13;

T. To prohibit its employees from driving a commercial motor vehicle unless the employee had first completed and furnished defendants with an application for employment that meets the requirements as set forth in 49 CFR §391.21(b);

U. To make investigation and inquiry with respect to each driver it employs and to do so in the manner prescribed in 49 CFR §391.23;

V. To obtain the motor vehicle record of every driver it employed, including the Defendant WILEY LENUE HOOKS, at least once every twelve (12) months in order to determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 CFR §391.25;

W.   To require each of its drivers, including the Defendant WILEY LENUE HOOKS, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding twelve (12) months. 49 CFR §391.27;

X. To prohibit its employees, including the Defendant WILEY LENUE HOOKS,  from driving until the driver has successfully completed a road test and been issued a certificate of driver's road test. 49 CFR §391.31; and

Y. To ensure that its drivers, including the Defendant WILEY LENUE HOOKS, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required time frames as set forth within the Federal Motor Carrier Safety Regulations. 49 CFR §391 – subpart E.

67. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC.,  MAC COMPANY, INC.,  and/or BB&S ACQUISITION CORP. negligently hired, employed,

1    trained, supervised, and/or retained the Defendant, WILEY

2    LENUE HOOKS, as of and through August 24, 2016.

3    68. This Count is brought by the Personal Representative against

4    the Defendants, GREGORY LEASING COMPANY, INC.,

5    GREGORY TRUCKING COMPANY, INC., B S G LEASING,

6    INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or

7    BB&S ACQUISITION CORP. for the death of GEORGE J.

8    FORBES and for the use of the next of kin of the said GEORGE

9    J. FORBES.

10   **WHEREFORE,** the Plaintiff demands judgment against the

11   Defendants, GREGORY LEASING COMPANY, INC., GREGORY

12   TRUCKING COMPANY, INC., B S G LEASING, INC., B&C

13   TIMBERS LLC., MAC COMPANY, INC., and/or BB&S

14   ACQUISITION CORP. for damages, interest, and costs, and for such

15   other and further relief the Court deems equitable and just.

16

17   **COUNT VIII**
18   **M.G.L. c. 229, § 2 Gross Negligence**
19   **Punitive Damages for Negligent**
20   **Employment, Hiring, Training, Supervision,**
21   **& Retention**
22

23   69. The Plaintiff realleges Paragraphs 1-68 of his Complaint, and

24   incorporates them by reference into this Count VIII.

70. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. had a duty to have safety rules, regulations, policies and procedures in place to hire safe truck drivers, and/or trucking companies to prevent injuries and protect the public.

71. The Defendants GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers and/or "employees," to adequately train and to adequately supervise them to the extent mandated by the Federal Motor Carrier Safety Regulations.

72. Such duties include, but are not limited to:

A. To obtain a complete employment application before permitting an agent, servant, and/or employee" to drive a commercial vehicle. 49 CFR §391.21;

B. To investigate the agents, servants, and/or "employee's" drivers employment record during the preceding three (3) years by all reasonable means. 49 CFR §391.23(a)(2), 391.23(c);

C. To inquire into the agent's, servant's, and/or "employee's" driving record within thirty (30) days after employment begins. 49 CFR §391.23(a);

D. To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or 'employee" to drive a commercial motor vehicle. 49 CFR §391.31(a);

E. To investigate the driver's safety performance history with the Department of Transportation regulated employer during the preceding three (3) years. 49 CFR §391.23(2);

F. Ensure that its driver was physically qualified to operate a tractor trailer and had a valid and current DOT medical examiner's certificate. 49 CFR §391.41;

G. Ensure that its driver was properly licensed to operate a tractor trailer;

H. To require and verify its drivers ass a knowledge and skills test as prescribed by Federal Motor Carrier Safety Regulations. 49 CFR §380.109 and 49 CFR §380.509;

I. To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities and disqualifications. 49 CFR §380.503;

J. To ensure that its drivers have been properly trained and show prof of that trainng with a training certificate. 49 CFR §391.41; 49 CFR §380.505;

K. To ensure that its drivers were continuously physically qualified to safely operate a tractor trailer. 49 CFR §391.41, 49 CFR §391.43;

L. To maintain a driver qualification file for each driver employed. 49 CFR §391.51;

M. To maintain a driver investigation history file for each driver it employs. 49 CFR §391.53;

N. To not allow or permit its on duty drivers to be in possession of drugs as listed in 49 CFR §392.4(a);

O. To not schedule a run, nor permit, nor require the operation of any commercial vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at seeds greater than those prescribed by law. 49 CFR §392.6;

P. To require observance by its drivers of any duty or prohibition imposed upon the drivers by the federal Motor Carrier Safety Regulations. 49 CFR §390.11;

Q. To not require or permit a driver, including Defendant WILEY LENUE HOOKS, to operate a commercial

motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 CFR §392.3;

R. To not permit allow a driver, including Defendant WILEY LENUE HOOKS, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 CFR §391.11;

S. To not aid, abet, encourage or require any of its employees to violate the safety regulations contained within chapter 390. 49 CFR §390.13;

T. To prohibit its employees from driving a commercial motor vehicle unless the employee had first completed and furnished defendants with an application for employment that meets the requirements as set forth in 49 CFR §391.21(b);

U. To make investigation and inquiry with respect to each driver it employs and to do so in the manner prescribed in 49 CFR §391.23;

V. To obtain the motor vehicle record of every driver it employed, including the Defendant   WILEY LENUE

1   HOOKS, at least once every twelve (12) months in

2   order to determine whether that driver continues to

3   meet the minimum requirements for safe driving or is

4   disqualified to drive a commercial motor vehicle. 49

5   CFR §391.25;

6   W.   To require each of its drivers, including the

7   Defendant WILEY LENUE HOOKS, to furnish it with

8   a list of all violations of motor vehicle traffic laws

9   and ordinances of which he/she has been convicted in

10   the preceding twelve (12) months. 49 CFR §391.27;

11   X. To prohibit its employees, including the Defendant

12   WILEY LENUE HOOKS,   from driving until the

13   driver has successfully completed a road test and been

14   issued a certificate of driver's road test. 49 CFR

15   §391.31; and

16   Y. To ensure that its drivers, including the Defendant

17   WILEY LENUE HOOKS, were physically qualified to

18   operate a commercial motor vehicle and that its

19   drivers had undergone the necessary examinations in

20   the required time frames as set forth within the

21   Federal Motor Carrier Safety Regulations. 49 CFR §391

22   -- subpart E.

73. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. was negligent and/or grossly negligent in hiring, employing, training, supervising and/or retaining the Defendant, WILEY LENUE HOOKS, as of and through August 24, 2016.

74. The Plaintiff's intestate, GEORGE J. FORBES"s, death was caused by the malicious, willful, wanton or reckless conduct of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. and/or by the gross negligence of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC COMPANY, INC., and/or BB&S ACQUISITION CORP. all as set forth herein.

75. This count is brought by the Personal Representative for punitive damages against the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., MAC

1   COMPANY, INC., and/or BB&S ACQUISITION CORP. for the

2   death of GEORGE J. FORBES.

3

4   **WHEREFORE,** the Plaintiff demands judgment against the

5   Defendants, GREGORY LEASING COMPANY, INC., GREGORY

6   TRUCKING COMPANY, INC., B S G LEASING, INC., B&C

7   TIMBERS LLC.,  MAC COMPANY, INC., and/or BB&S

8   ACQUISITION CORP. for punitive damages, damages, interest, and

9   costs, and for such other and further relief the Court deems equitable

10  and just.

11

12

13  **COUNT IX**
14  **Single Enterprise, Joint Venture,**
15  **Joint Enterprise**
16

17  76.  The Plaintiff realleges Paragraphs 1-75 of his Complaint, and

18      incorporates them by reference into this Count IX.

19  77.  The Defendants, GREGORY LEASING COMPANY, INC.,

20      GREGORY TRUCKING COMPANY, INC., B S G LEASING,

21      INC., B&C TIMBERS LLC.,  MAC COMPANY, INC., were

22      acting as joint venturers, enterprisers and  are indistinguishable

23      entities, operate and act as a single entity or enterprise, have unity

1   of interests, act together in relationship, and should be charged with

2   each other's liabilities.

3   78. The defendants, GREGORY LEASING COMPANY, INC.

4   GREGORY TRUCKING COMPANY, INC., B S G LEASING,

5   INC., B&C TIMBERS LLC., and MAC COMPANY, INC., sought

6   to transport goods in interstate commerce and in doing so, were

7   negligent and/or grossly negligent.

8   79. The defendants, GREGORY LEASING COMPANY, INC.

9   GREGORY TRUCKING COMPANY, INC., B S G LEASING,

10   INC., B&C TIMBERS LLC., and MAC COMPANY, INC., are:

11        a. Corporations with identity or substantial identity of

12           ownership;

13        b. Corporations with common directors and/or officers;

14        c. Corporations with unified administrative control whose

15           business functions are similar or supplementary;

16        d. Corporations with directors and/or officers not acting

17           independently and in the interest of that corporation;

18        e. Corporations financing one another;

19        f. Corporations using the same telephone numbers, addresses,

20           and mailing facilities;

21        g. Corporations that integrated and/or intermingled their

22           resources;

h.  Corporations with inadequate capitalization;

i.  Corporations with inadequate liability insurance;

j.  Corporations causing the incorporation of another affiliated corporation;

k.  Corporations paying the salaries and other expenses or losses of each other;

l.  Corporations receiving no business other than that given to it by its affiliated corporations;

m.  Corporations using the property of one another as its own;

n.  Corporations not in compliance with corporate formalities;

o.  Corporations intermingling common employees and resources;

p.  Corporations utilizing the services of each other's employees on behalf of each other;

q.  Corporations with a common office and/or facilities;

r.  Corporations with centralized accounting;

s.  Corporations with undocumented transfers of funds between them;

t.  Corporations with unclear allocation of profits and losses between them;

u.  Corporations with excessive fragmentation of a single enterprise into separate corporations;

v. Corporations whose personalities have merged so that one corporation is a mere adjunct of another;

w. Corporations commingling funds between them and personally;

x. Corporations not conducting regular meetings of shareholders and directors;

y. Corporations with active and direct participation by their representatives exercising some form of pervasive control in the activities of each other causing fraudulent or injurious consequences;

z. Corporations intermingling activities with a substantial disregard of the separate nature of the corporate entities or serious ambiguity about the manner and capacity in which the various corporations and their representatives are acting;

aa. Corporations that are not distributing dividends;

bb. Corporations siphoning corporate funds by the dominant shareholders;

cc. Corporations with non-functioning officers and/or directors, other than the shareholders; and

dd. Corporations without adequate corporate records.

80. The Plaintiff's intestate, GEORGE J. FORBES"s, death was caused by the negligent, malicious, willful, wanton or reckless conduct of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and/or MAC COMPANY, INC., and/or by the gross negligence of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and/or MAC COMPANY, INC., all as set forth herein.

81. This count is brought by the Personal Representative for damages and/or punitive damages against the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and/or MAC COMPANY, INC., for the death of GEORGE J. FORBES.

82. It would be an inequitable result if GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and MAC COMPANY, INC., were not held liable for each other's dubious manipulation and contrivance such that corporate identities are confused and third parties cannot be quite certain with what

1     corporation they are dealing.

2     **WHEREFORE,** the Plaintiff demands judgment against the

3     Defendants, GREGORY LEASING COMPANY, INC., GREQORY

4     TRUCKING COMPANY, INC., B S G LEASING, INC., B&C

5     TIMBERS LLC., and/or MAC COMPANY, INC., for   punitive

6     damages, damages, interest, and costs, and for such other and further

7     relief the Court deems equitable and just.

8

9

10
11     <u>**COUNT X**</u>
    <u>**Lease Liability**</u>
12

13     83. The Plaintiff realleges Paragraphs 1-82 of his Complaint, and

14        incorporates them by reference into this Count X.

15     84. At all times, Defendant BB&S ACQUISITION CORP., was

16        operating as an "employer" or leasor of an "employee" operating a

17        "motor vehicle" upon the roads and highways for a commercial

18        purpose of BB&S ACQUISITION CORP.

19     85. At all times, the Defendant, WILEY LENUE HOOKS, was an

20        "employee" of BB&S ACQUISITION CORP as that term is

21        defined by the Federal Motor Carrier Safety Regulations,

22        specifically 49 CFR §390.5

23

86. Defendant BB&S ACQUISITION CORP is vicariously liable as the statutory employer of the Defendant, WILEY LENUE HOOKS and/or pursuant to the doctrine of lease liability.

87. Defendant, BB&S ACQUISITION CORP., had a duty to hire and employ safe responsible drivers.

88. Defendant, BB&S ACQUISITION CORP., was responsible for the parties it employed including WILEY LENUE HOOKS, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and MAC COMPANY, INC., and chose to carry out the business of shipping in interstate commerce by using WILEY LENUE HOOKS, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and MAC COMPANY, INC.,

89. Defendant, BB&S ACQUISITION CORP., was negligent and/or grossly negligent in the employment of WILEY LENUE HOOKS, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., B S G LEASING, INC., B&C TIMBERS LLC., and MAC COMPANY, INC., and chose to carry out the business of shipping in interstate commerce by negligently using and/or acted grossly negligent in using WILEY LENUE

1

2    **Dated:  12/13/2017**

3

4    THOMAS FORBES, as he is the
5    Personal Representative of the
6    Estate of GEORGE J. FORBES

7
8    By: _/s/ Dino M. Tangredi_
9
10   **Dino M. Tangredi**
11   **BBO No. 567928**
12   **The Miles Pratt House**
13   **106 Mount Auburn Street**
14   **Watertown, MA. 02472**
15   **T:    617-926-0012**
16   **F:    617.926.0016**
17   **masslaw@dinotangredi.com**
18   **Attorney for the Plaintiff**
19
20
21
22
23
24
25
26
27
28
29   DMT/mlt
30   70103/comp-Federal-8