# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.17 CV 30174

| | | |
|---|---|---|
| THOMAS FORBES, as he is the Personal Representative of the Estate of GEORGE J. FORBES, | * * * * | |
| PLAINTIFF | * * | **FIRST AMENDED** |
| v. | * * | **COMPLAINT** and |
| GREGORY TRUCKING COMPANY, INC., WILEY LENUE HOOKS, JR., GREGORY LEASING COMPANY, INC. BSG LEASING, INC.; B&C TIMBERS LLC.;  and BB&S ACQUISITION CORPORATION, | * * * * * * | **JURY  DEMAND** |
| DEFENDANTS | * * | |

## STATEMENT OF THE  CLAIM

Shippers of lumber (B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION) hired an incompetent contractor (GREGORY TRUCKING COMPANY, INC.) to deliver their lumber. GREGORY TRUCKING COMPANY, INC., chose not to comply with the Federal Motor Carrier Safety Regulations (FMCSRs) and allowed an unlicensed driver to operate a tractor trailer which ran a red light and killed George Forbes.

## JURISDICTION

1. Jurisdiction in this matter is based upon 28 U.S.C. §1332, diversity of citizenship. The matter in question is a tort causing personal injury in the Commonwealth of Massachusetts. The Plaintiff, the decedent and the decedent's estate are all of the Commonwealth of Massachusetts; and the Defendants are residents of, and/or are duly organized and existing under the laws of, North Carolina and Rhode Island. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

2. Venue is proper in the District of Massachusetts, Western Division, as this is the jurisdiction in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. The Plaintiff, THOMAS FORBES, is the duly appointed and qualified Personal Representative of the Estate of GEORGE J. FORBES (Berkshire Probate & Family Court, Docket No. BEl6P0623EA), late of 10 Old Great Barrington Rd., W. Stockbridge, Berkshire County, MA.

1

2    4. The Defendant, GREGORY TRUCKING COMPANY, INC., is a

3        corporation duly organized under the laws of North Carolina, with

4        a principal place of business at 147 Lumber Drive, Harmony, NC.

5    5. The Defendant, WILEY LENUE HOOKS, JR., is a natural person

6        with a place of residence at 125 Mann Road, Harmony, NC.

7    6. The Defendant, GREGORY LEASING COMPANY, INC.,   is a

8        corporation duly organized under the laws of North Carolina, with

9        a principal place of business at 147 Lumber Drive, Harmony, NC.

10   7. The Defendant, BSG LEASING, INC., is a corporation duly

11       organized under the laws  of North Carolina, with a principal place

12       of business at 179 Lumber Drive, Union Grove,  NC.

13   8. The Defendant, B & C TIMBERS, LLC., is a corporation duly

14       organized under the laws of North Carolina, with a principal place

15       of business at 147 Lumber Drive, Harmony, NC.

16   9. The Defendant, BB&S ACQUISITION CORPORATION is a

17       corporation duly Organized under the laws of Rhode Island, with a

18       principle place of business in North Kingston, RI.

19

20

21

## FACTUAL ALLEGATIONS

10. On 24 August 2016 the Plaintiff's intestate, GEORGE J. FORBES, was operating his motor vehicle Eastbound on East Street, a public way in Dalton, Massachusetts.

11. At the same time and place, the Defendant, WILEY LENUE HOOKS, JR., was operating a tractor trailer southbound on Hubbard Avenue, a public way in Dalton, Massachusetts.

12. The tractor was owned by GREGORY LEASING COMPANY, INC..

13. The tractor was registered and leased to GREGORY TRUCKING COMPANY, INC.

14. The trailer was owned by BSG LEASING, INC., and leased to GREGORY TRUCKING COMPANY, INC.

15. At said time and place, the Defendant, WILEY LENUE HOOKS, JR., negligently, unlawfully, and carelessly operated the Defendant, GREGORY LEASING COMPANY, INC.'s commercial tractor trailer truck, and thereby travelled through a red light and entered into the intersection of said East Street and Hubbard Avenue, causing said commercial tractor trailer truck to collide with the Plaintiff's intestate's vehicle.



16. At the time the Defendant, WILEY LENUE HOOKS, JR., was operating said commercial tractor trailer truck, he was doing so as the employee and/or agent of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., B&C TIMBERS, LLC., and/or BB&S ACQUISITION CORPORATION.

17. At the time the Defendant, WILEY LENUE HOOKS, JR., was operating said commercial tractor trailer truck, the Defendant WILEY LENUE HOOKS, JR.'s commercial driver's license had been suspended.

18. As of 24 August 2016 the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., B&C TIMBERS, LLC.,  and/or BB&S ACQUISITION CORPORATION knew or should have known that the Defendant, WILEY LENUE HOOKS, JR.'S drivers license had been suspended.

19. Despite the Defendant, WILEY LENUE HOOKS, JR.'s demonstrated inability to operate  a motor vehicle in a safe manner and/or in accordance with law, the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC.,  B&C TIMBERS, LLC., and/or BB&S ACQUISITION CORPORATION entrusted, permitted, authorized and provided the Defendant, WILEY LENUE HOOKS, JR., with the commercial tractor trailer truck he was operating on August 24, 2016.

20. Despite the Defendant, WILEY LENUE HOOKS, JR.'s demonstrated inability to operate a motor vehicle in a safe manner and/or in accordance with the law, the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC.,  B&C TIMBERS, LLC., and/or BB&S ACQUISITION CORPORATION

1    hired and/or retained the Defendant, WILEY LENUE HOOKS,

2    JR., as their employee and/or agent as of and through August 24,

3    2016.

4    21.  As a direct and proximate result of the aforesaid acts and conduct

5    of the Defendants, WILEY LENUE HOOKS, JR., GREGORY

6    LEASING   COMPANY,   INC.,   GREGORY   TRUCKING

7    COMPANY, INC., BSG LEASING, INC.,  B&C TIMBERS,

8    LLC.,   and/or BB&S ACQUISITION CORPORATION, the

9    commercial tractor trailer truck operated by the Defendant, WILEY

10    LENU HOOKS, JR., struck the Plaintiff's intestate's vehicle,

11    causing the Plaintiff's intestate to suffer severe injuries.

12    22.  As a result of the injuries sustained thereof, the Plaintiff's

13    intestate, GEORGE J. FORBES, suffered great pain of body

14    and anguish of mind, incurred large expenses for medical

15    care and attendance, was prevented from transacting his

16    business, and thereafter on August 26, 2016, the plaintiff's

17    intestate, GEORGE J. FORBES, died.

18    23.  Driving tractor-trailers on the roads of America is dangerous,

19    potentially causing injury and death, unless skillfully and

20    carefully done.

21    24.  Driving a tractor trailer truck involves a foreseeable risk of harm

22    to others unless carefully and competently done.

25. Single tractor-trailers, when fully loaded, weigh as much as 80,000 pounds.

26. As a result of the potential dangers of tractor-trailers to the motoring public, the federal government requires all interstate motor carriers/trucking companies to be licensed.

27. Once licensed, the motor carrier/trucking company is issued public authority to operate tractor-trailers in interstate transportation.

28. The U.S. Department of Transportation, through the Federal Motor Carrier Safety Administration (FMCSA), issues the operating  authority to operate as a motor carrier/trucking company.

29. GREGORY TRUCKING COMPANY, INC., first received operating authority from the DOT in 1992.

30. BB&S Acquisition Corporation received operating authority from the DOT in 1989.

31. The FMCSA both supervises and inspects motor carriers/trucking companies it licenses and provides safety ratings for the  companies, which it publishes for free on the internet.

32. Licensed motor carriers/trucking companies are either non-rated by the FMCSA or are provided one of three safety ratings: satisfactory, conditional, or unsatisfactory.

33. Safer motor carriers/trucking companies are provided "satisfactory" safety ratings.

34. Companies with known systemic problems and risks are given "conditional" safety ratings, and the FMCSA offers those "conditional" companies advice and materials to improve operations, eliminate known problems, and obtain a satisfactory rating.

35. A "conditional" safety rating indicates that the trucking company "does not have adequate safety management controls in place..." and are a risk to violate 49 CFR §385.5(a-k).

36. Violations of 49 CFR § 385.5 (a-k) include:

    a. Commercial driver's license standard violations;

    b. Inadequate levels of financial responsibility;

    c. The use of unqualified drivers;

    d. Improper use and driving of motor vehicles;

    e. Unsafe vehicles operating on the highways;

    f. Failure to maintain accident registers and copies of accident reports;

      g.  The use of fatigued drivers;

      h.  Inadequate inspection, repair, and maintenance of vehicles;

      i.  Transportation of hazardous materials, driving and parking rule violations;

      j.  Violation of hazardous materials regulations; and

      k.  Motor vehicle accidents

37. GREGORY TRUCKING COMPANY, INC., is a commercial trucking company supervised by the FMCSA, that at all relevant times had a "conditional" safety rating.

38. GREGORY TRUCKING COMPANY, INC., underwent a compliance review by the Department of Transportation on 8 February 2011.

39. The compliance review revealed approximately 170 trucking safety violations against GREGORY TRUCKING COMPANY, INC.

40. After the compliance review the DOT proposed an "unsatisfactory" rating ("The carrier does not have adequate safety management controls in place and has committed serious safety violations.")

41. Motor carriers/trucking companies rated "unsatisfactory" are so dangerous they are forbidden to operate and are put out of business.

42. GREGORY TRUCKING COMPANY, INC., presented a plan of proposed safety changes and as a result of the proposed safety changes on or about 29 March 2011 the Department of Transportation upgraded its final safety rating of GREGORY TRUCKING COMPANY, INC., to "conditional.

43. Between 2011 and 2017, GREGORY TRUCKING COMPANY, INC., committed over 700 additional trucking safety violations.

44. Defendants WILEY LENUE HOOKS, JR., GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., B&C TIMBERS, LLC., and/or BB&S ACQUISITION CORPORATION and their employees and agents were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations.)

45. The Motor Carrier Safety Regulations define "Motor Carrier" as a for hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories, this definition includes the term "employer." 49 CFR §390.5.

46. At all times relevant, GREGORY TRUCKING COMPANY, INC., and BB&S ACQUISITION CORPORATION were "motor carriers."

47. The Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic and a freight handler. 49 CFR §390.5

48. At all relevant time, Defendant WILEY LENUE HOOKS, JR., was a driver of a commercial tractor trailer and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

49. The Motor Carrier Safety Regulations define a "shipper" as a "person who tenders property to a motor carrier or driver of a commercial motor vehicle for transportation in interstate commerce." 49 CFR §390.5

50. At all relevant times the defendants B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION were "shippers."

51. The Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR §390.5

52. At all relevant times the tractor trailer driven by WILEY LENUE HOOKS, JR., was a "Motor Vehicle" as defined by the Motor Carrier Safety Regulations.

53. The Motor Carrier Safety Regulations define "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 CFR §390.5

54. At all relevant times the defendants, GREGORY TRUCKING COMPANY, INC., GREGORY LEASING COMPANY, INC., BSG LEASING, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION were "employers."

55. "For Hire Motor Carrier" means a person engaged in the transportation of goods or passengers for compensation. 49 CFR §390.5

56. Interstate "Shippers" such as B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION have a duty to qualify and hire safe motor carriers/trucking companies.

57. In order to fulfill its duty to qualify and hire safe motor carriers/ trucking companies, a shipper has a duty to investigate a motor carrier's safety record.

58. It is the normal custom and practice for "shippers" such as B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION when hiring motor carriers/trucking companies, to perform a safety analysis of the motor carrier, including a review of the free FMCSA websites and the published safety ratings before hiring the motor carrier to ship its goods.

59. On or about 22 August 2016, B&C TIMBERS, LLC., hired GREGORY TRUCKING COMPANY, INC., to transport a load of its lumber to BB&S ACQUISITION CORPORATION in Rhode Island.

60. On or about 22 August 2016, GREGORY TRUCKING COMPANY, INC., used a tractor it leased from GREGORY LEASING COMPANY, INC., for the delivery to BB&S ACQUISITION CORPORATION in Rhode Island.

1

61. On or about 22 August 2016, GREGORY TRUCKING COMPANY, INC., used a trailer it leased  from BSG LEASING, INC., for the delivery to BB&S ACQUISITION CORPORATION in RI.

62. On or about 22 August 2016, GREGORY TRUCKING COMPANY, INC.,  assigned its driver, WILEY LENUE HOOKS, JR., to deliver B&C TIMBER, LLC.'s lumber to BB&S ACQUISITION CORPORATION in Rhode Island.

63. At all material times GREGORY TRUCKING CO. INC., was the employer of  WILEY LENUE HOOKS, JR.

64. On 22-23 August 2016 WILEY LENUE HOOKS, JR., was operating a commercial tractor trailer arising out of and in the course of his employment with GREGORY TRUCKING COMPANY, INC.,  and transporting a load for the "shipper" - B&C  TIMBERS,  LLC.  to  BB&S  ACQUISITION CORPORATION in Rhode Island.

65. The transportation of the lumber by GREGORY TRUCKING COMPANY, INC., on 22-23 August 2016 was in furtherance of the business of  B&C TIMBERS, LLC., GREGORY TRUCKING COMPANY,  INC.,  and  BB&S  ACQUISITION CORPORATION.

66. The transportation of the lumber for B&C TIMBERS, LLC., on 22-23 August 2016 was in the required time and space requirements imposed on GREGORY TRUCKING COMPANY, INC., by B&C TIMERS, LLC., AND BB&S ACQUISITION CORPORATION.

67. When B&C TIMBERS, LLC., chose GREGORY TRUCKING COMPANY, INC. to transport its lumber in interstate commerce on 22-23 August 2016, B&C TIMBERS, LLC., became the effective or statutory employer of GREGORY TRUCKING CO. INC., and WILEY LENUE HOOKS, JR.

68. On 22-23 August 2016, GREGORY TRUCKING COMPANY, INC. and WILEY LENUE HOOKS, JR., at all times were in the course and scope of their employment with B&C TIMBERS, LLC.

69. When B&C TIMBERS, LLC., chose GREGORY TRUCKING COMPANY, INC., to transport its lumber on 22-23 August 2016, in interstate commerce, GREGORY TRUCKING COMPANY, INC., became a contractor of B&C TIMBERS, LLC.

70. On 22-23 August 2016, B&C TIMBERS, LLC., GREGORY TRUCKING COMPANY, INC., and BB&S ACQUISITION CORPORATION had a common goal: to move goods for profit.

1

2   71. On 22-23 August 2016, B&C TIMBERS, LLC., GREGORY

3      TRUCKING COMPANY, INC., and BB&S ACQUISITION

4      CORPORATION managed the interstate transportation of the

5      lumber for mutual profit.

6   72. B&C TIMBERS, LLC., GREGORY TRUCKING COMPANY, INC.,

7      and BB&S ACQUISITION CORPORATION profited from the

8      mutual relationship with one another concerning the delivery of

9      lumber by GREGORY TRUCKING COMPANY, INC., to

10     BB&S ACQUISITION CORPORATION on 23 August 2016.

11   73. On 23 August 2016 GREGORY TRUCKING COMPANY,

12     INC., delivered to BB&S ACQUISITION CORPORATION in

13     Rhode Island the lumber purchased from B&C TIMBERS,

14     LLC.

15   74. On 23 August 2016 BB&S ACQUISITION CORPORATION

16     hired GREGORY TRUCKING COMPANY, INC., to deliver

17     trailer load of lumber to L.P. Adams in Dalton, MA.

18   75. When BB&S ACQUISITION CORPORATION chose

19     GREGORY TRUCKING COMPANY, INC., to transport its

20     lumber on 23 August 2016, in interstate commerce, GREGORY

21     TRUCKING COMPANY, INC., became a contractor of BB&S

22     ACQUISITION COORPORATION.

76. On 23-24 August 2016, GREGORY TRUCKING COMPANY, INC., and BB&S ACQUISITION CORPORATION had a common goal: to move goods for profit.

77. On 23-24 August 2016, GREGORY TRUCKING COMPANY, INC., and BB&S ACQUISITION CORPORATION managed the interstate transportation of lumber for mutual profit.

78. GREGORY TRUCKING COMPANY, INC., and BB&S ACQUISITION CORPORATION profited from the mutual relationship with one another concerning the delivery of lumber by GREGORY TRUCKING COMPANY, INC., to LP Adams on 24 August 2016.

79. On 24 August 2016 at approximately 6:30 A.M. GREGORY TRUCKING COMPANY, INC., delivered to L.P. Adams in Dalton, MA. the lumber purchased from BB&S ACQUISITION CORPORATION.

80. At approximately 7:00 A.M. on 24 August 2016 GREGORY TRUCKING COMPANY, INC.'s tractor trailer driver — WILEY LENUE HOOKS, JR., ran a red light and crashed into the pick-up truck of the Plaintiff.

81. Neither GREGORY TRUCKING COMPANY, INC., nor WILEY LENUE HOOKS, JR., would have been in Dalton, MA. but/for having been hired by BB&S ACQUISITION CORPORATION to deliver lumber to LP Adams.

82. GREGORY TRUCKING COMPANY, INC.'s "conditional" safety rating was publicly available to the world at large and specifically to B&C TIMBERS, LLC., on or about 22 August 2016 and to BB&S ACQUISITION CORPORATION on 23 August 2016, was easily accessible, and a warning to all potential shippers that GREGORY TRUCKING COMPANY, INC., did not have adequate safety management controls in place and was a dangerous motor carrier that put the public at great risk.

83. For at least thirty (30) days before the crash that killed GEORGE FORBES, the FMCSA's Safety Measurement System Behavior Analysis & Safety Improvement Categories (BASIC) placed an "ALERT" notice next to the category: "crash indicator." The "ALERT" informed anyone who checked that GREGORY TRUCKING COMPANY, INC., was at a high




**F M C S A**

**MCMIS**
Motor Carrier Management
Information System

Crash Sum Date: 01/01/2010 To 11/10/2018
Crash Detail Date: 01/01/2010 To 11/10/2018
Insp Sum Date: 01/01/2010 To 11/10/2018
Insp Detail Date: 01/01/2010 To 11/10/2018
Inspection: All

Company Safety Profile

al Name:    GREGORY TRUCKING COMPANY INC

ng Business As:

OT #:    94749

eport 2

**BASICs Safety Information**

| BASICs Data: | | | | 22-JUL-16 | |
|---|---|---|---|---|---|
| BASIC | Percentile | Investigation Deficient | Investigation Deficient Date | On-Road Performance | Safety Assessment |
| Unsafe Driving | | | | < 3 insp. w/ violations | |
| Hours-of-Service (HOS) Compliance | | | | < 3 insp. w/ violations | |
| Driver Fitness | | | 08-FEB-11 | < 5 insp. w/ violations | |
| Controlled Substances and Alcohol | | | 08-FEB-11 | 0% | |
| Vehicle Maintenance | 60 | | 08-FEB-11 | Display Percentile | |
| Hazardous Materials (HM) Compliance | | | | No HM Veh. insp. | |
| Crash Indicator | 79 | | | Display Percentile | Alert |
| Insurance/Other | | | | Not Applicable | |

84. B&C   TIMBERS,   LLC.,   and   BB&S   ACQUISITION
    CORPORATION are  highly sophisticated "shippers" routinely
    shipping  millions  of  board  feet  of  lumber  a  year  with  motor
    carriers/trucking companies on the roads of this nation.

85. BB&S AQUISITION CORPORATION has its own operating
    authority issued by the U.S. Department of Transportation, is a
    motor carrier, and has at least six tractor trailers of its own to
    deliver its lumber.

86. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATIONS businesses involve the regular qualifying and hiring of motor carriers/trucking companies to transport loads to its customers.

87. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION were responsible for the standards they used to qualify and hire motor carriers/trucking companies to haul their goods to their customers in interstate commerce.

88. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION failed to ensure they had the proper rules, regulations, policies, and procedures in place to qualify and hire safe motor carriers/trucking companies.

89. GREGORY TRUCKING COMPANY, INC.'s dangerous safety record put the world on notice of the foreseeable risk of harm to the public, specifically including an ALERT that it was at a high risk for crashes.

90. At all times, B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION had the capacity and ability to determine the safety, fitness, and suitability of GREGORY TRUCKING COMPANY, INC., to transport their goods in interstate commerce and on America's roads and highways.

1

91. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION did not obtain a written safety plan from GREGORY TRUCKING COMPANY, INC., prior to hiring it on or about 22 August 2016 and 23 August 2016 respectively to deliver their lumber.

92. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION never checked with GREGORY TRUCKING COMPANY, INC., to determine if GREGORY TRUCKING COMPANY, INC., was taking meaningful steps to become a safer motor carrier and improve its driver safety and fleet safety practices before assigning their loads to GREGORY TRUCKING CO. INC.

93. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION specifically chose to hire GREGORY TRUCKING COMPANY, INC., to haul their goods when they knew, had reason to know, or should have known that GREGORY TRUCKING COMPANY, INC., had a "conditional" safety rating and its crash risk was in ALERT status.

94. GREGORY TRUCKING COMPANY, INC., was, and remained at all relevant times, an incompetent and unsafe motor carrier/trucking company which B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION knew, had reason to know, or should have known.

95. The harm to Plaintiff was caused by GREGORY TRUCKING COMPANY, INC.'s known incompetence, safety violations, and inadequate safety management systems, specifically including but not limited to the violations listed in 49 CFR §§ 385.5 and 395 and ALERT to the public that GREGORY TRUCKING COMPANY, INC., was a high risk for a crash, and as otherwise set forth herein and as will be shown at trial after discovery.

96. GREGORY TRUCKING CO. INC.'s actions and inactions as described herein were negligent and, combined with the negligent acts of WILEY LENUE HOOKS, JR., B&C TIMBERS, LLC., BB&S ACQUISITION CORPORATION, GREGORY LEASING, COMPANY, INC., and BSG LEASING, INC., and were the proximate cause of the damages to the plaintiff.

97. B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION knew, or should have known, prior to all the relevant dates in this case, that putting unsafe motor carriers/trucking companies on the road was likely to result in wrecks causing serious injury and death.

98. A trucking company must use only qualified drivers to prevent crashes & protect everyone from injury and death.

99. A shipper must choose a competent & careful trucking company to ship its goods to prevent disaster on the highways.

100. Tractor trailers must follow the safety rules of the road to prevent crashes & protect everyone from injury and death.

### COUNT I
### M.G.L. C. 229 §§2, and 6
### NEGLIGENCE v. WILEY LENUE HOOKS, JR.

101. Plaintiff states all previous paragraphs as if set forth herein.

102. At the time of the crash, Defendant WILEY LENUE HOOKS, JR., owed a duty to the Plaintiff to operate the tractor trailer with ordinary care.

1

103. At the time of the crash, Defendant WILEY LENUE HOOKS, JR., breached said duty through negligence, gross negligence, malicious, willful, wanton and/or reckless conduct and as a direct and proximate result of the negligence, gross negligence, malicious, willful, wanton and/or reckless acts and conduct of the Defendant, WILEY LENUE HOOKS, JR., the Plaintiff's instate, GEORGE J. FORBES, suffered great pain of body and anguish of mind, incurred large expenses for medical care and attendance, was prevented from transacting his business, and thereafter on August 26, 2016, the Plaintiff's intestate, GEORGE J. FORBES, died.

104. This Count is brought by the Personal Representative against the Defendant, WILEY LENUE HOOKS, JR., for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

105. This Count is brought by the Personal Representative against the Defendant, WILEY LENUE HOOKS, JR., for the death of GEORGE J. FORBES, loss of consortium, society,

1  companionship, loss of services, and net loss of expected

2  income for the time after death for the use of the next of kin of

3  the said GEORGE J. FORBES.

4  **WHEREFORE**, the Plaintiff demands judgment against the

5  Defendant, WILEY LENUE HOOKS, JR., for compensatory

6  damages, punitive damages in an amount sufficient to punish the

7  defendant(s) and deter others from similar misconduct,

8  conscious pain and suffering, interest, costs, compensation for

9  the loss of the reasonably expected net income, services,

10  protection, care assistance, society, companionship, comfort,

11  guidance counsel, and advice of the decedent and for such other

12  and further relief the Court deems equitable and just.

13

14

15  **COUNT II**
16  **M.G.L. c. 229, §§ 2, 6**
17  **VICARIOUS LIABILITY v. GREGORY TRUCKING**
18  **COMPANY, INC., B&C TIMBERS, LLC., and  BB&S**
19  **ACQUISITION CORPORATION**
20

21  106. Plaintiff states all previous paragraphs as if set forth herein.

22  107. As a matter of law, a tractor trailer truck driver can have

23  multiple employers for a single trip. *Zamolla v. Hart,* 31 F.3d

24  911, 916 (9th Cir. 1994)

108. At all times relevant, Defendant WILEY LENUE HOOKS, JR., was acting in the course and scope of his agency and/or employment with defendant(s) GREGORY TRUCKING COMPANY, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION.

109. Defendant(s) GREGORY TRUCKING COMPANY, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION are vicariously liable for the negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of WILEY LENUE HOOKS, JR., based upon the doctrines of Agency and Respondeat Superior.

110. The conduct of the defendants GREGORY TRUCKING COMPANY, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION was negligent, grossly negligent, malicious, willful, wanton, and/or reckless and was the proximate cause of the Plaintiff's death.

111. This Count is brought by the Personal Representative against the Defendants, GREGORY TRUCKING COMPANY, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and

funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

112. This Count is brought by the Personal Representative against the Defendants, GREGORY TRUCKING COMPANY, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION  for the death of GEORGE J. FORBES, loss of consortium, society, companionship, loss of services, and net loss of expected income for the time after death for the use of the next of kin of the said GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, GREGORY TRUCKING COMPANY, INC., B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION for compensatory damages, punitive damages in an amount sufficient to punish the defendant(s) and deter others from similar misconduct, conscious pain and suffering, interest, costs, compensation for the loss of the reasonably expected net income, services, protection, care assistance, society, companionship, comfort, guidance counsel, and advice of the decedent and for such other and further relief the Court deems equitable and just.

## COUNT III
## M.G.L. c. 229, §§ 2, 6
## REGISTERED OWNER LIABILITY (M.G.L. c. 231 §85A) v.
## GREGORY LEASING COMPANY, INC.

113. Plaintiff states all previous paragraphs as if set forth herein.

114. At all times relevant to this action, GREGORY LEASING COMPANY, INC., was the registered owner of the tractor being operated by WILEY LENUE HOOKS, JR.

115. At the time of the crash, the tractor was being operated by a person – WILEY LENUE HOOKS, JR., under the control of the registered owner – GREGORY LEASING COMPANY, INC.

116. Defendant GREGORY LEASING CO, INC., is liable for the negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of WILEY LENUE HOOKS, JR., based upon it being the registered owner of the tractor causing the crash and subsequent death of the Plaintiff and WILEY LENUE HOOKS, JR. being its agent.

117. The conduct of the defendant GREGORY LEASING CO, INC., was negligent, grossly negligent, malicious, willful, wanton, and/or reckless and was the proximate cause of the Plaintiff's death.

118. This Count is brought by the Personal Representative against the Defendant, GREGORY LEASING CO, INC., for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

119. This Count is brought by the Personal Representative against the Defendant, GREGORY LEASING CO, INC., for the death of GEORGE J. FORBES, loss of consortium, society, companionship, loss of services, and net loss of expected income for the time after death for the use of the next of kin of the said GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, GREGORY LEASING CO, INC., for compensatory damages, punitive damages in an amount sufficient to punish the defendant(s) and deter others from similar misconduct, conscious pain and suffering, interest, costs, compensation for the loss of the reasonably expected net income, services, protection, care assistance, society, companionship, comfort, guidance counsel, and advice of the decedent and for such other and further relief the Court deems equitable and just.

### COUNT IV
### M.G.L. c. 229, §§2, 6
### NEGLIGENT ENTRUSTMENT v. GREGORY
### TRUCKING COMPANY, INC.,  GREGORY
### LEASING COMPANY, INC.,  and BSG LEASING, INC.

120. Plaintiff states all previous paragraphs as if set forth herein.

121. The Defendant, GREGORY LEASING COMPANY, INC., entrusted a tractor to GREGORY TRUCKING COMPANY, INC. – an unfit motor carrier.

122. The defendant,  BSG LEASING, INC., entrusted a trailer to GREGORY TRUCKING COMPANY, INC., - an unfit motor carrier.

123. The Defendant GREGORY TRUCKING COMPANY, INC.,  entrusted a tractor trailer to WILEY LENUE HOOKS, JR., - an unfit tractor trailer driver.

124. The defendant, GREGORY LEASING COMPANY, INC., gave specific or general permission to  GREGORY TRUCKING COMPANY, INC.,  - an unfit interstate motor carrier – to operate its tractor in interstate commerce.

125. The defendant, BSG LEASING, INC.,  gave specific or general permission to  GREGORY TRUCKING COMPANY, INC., - an unfit interstate motor carrier – to operate its trailer in interstate commerce.

1

2   126. The defendant, GREGORY TRUCKING COMPANY,

3        INC.,  gave specific or general permission to WILEY LENUE

4        HOOKS, JR., - an unfit tractor trailer driver — to operate a tractor

5        trailer in interstate commerce.

6   127. The defendant, GREGORY LEASING COMPANY, INC.,

7        knew or should have known of the incompetence or unfitness of

8        GREGORY TRUCKING COMPANY, INC.,  as an interstate

9        motor carrier.

10  128. The defendant, BSG LEASING, INC., knew or should have

11       known of the incompetence or unfitness of GREGORY

12       TRUCKING COMPANY, INC., as an interstate motor carrier.

13  129. The defendant, GREGORY TRUCKING COMPANY,

14       INC., knew or should have known of the incompetence or

15       unfitness of WILEY LENUE HOOKS, JR.,  as a tractor trailer

16       driver.

17  130. The conduct of the defendants GREGORY LEASING

18       COMPANY, INC., BSG LEASING, INC., and  GREGORY

19       TRUCKING COMPANY, INC.,  was negligent, grossly

20       negligent, malicious, willful, wanton, and/or reckless.

21

22

131. The negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of the defendants, GREGORY LEASING COMPANY, INC., BSG LEASING, INC., and GREGORY TRUCKING COMPANY, INC., proximately caused the death of the Plaintiff.

132. This Count is brought by the Personal Representative against the Defendants, GREGORY LEASING COMPANY, INC., BSG LEASING, INC., and GREGORY TRUCKING COMPANY, INC., for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

133. This Count is brought by the Personal Representative against the Defendants, GREGORY LEASING COMPANY, INC., BSG LEASING, INC., and GREGORY TRUCKING COMPANY, INC., for the death of GEORGE J. FORBES, loss of consortium, society, companionship, loss of services, and net loss of expected income for the time after death for the use of the next of kin of the said GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, GREGORY LEASING COMPANY, INC., BSG LEASING, INC., and GREGORY TRUCKING COMPANY, INC., for compensatory damages, punitive damages in an amount sufficient to punish the defendant(s) and deter others from similar misconduct, conscious pain and suffering, interest, costs, compensation for the loss of the reasonably expected net income, services, protection, care assistance, society, companionship, comfort, guidance counsel, and advice of the decedent and for such other and further relief the Court deems equitable and just.

### COUNT V
### M.G.L. c. 229, §§2, 6
### NEGLIGENT ENTRUSTMENT – FMCSRs v.
### GREGORY TRUCKING COMPANY, INC.

134. Plaintiff states all previous paragraphs as if set forth herein.

135. On or about 22 August 2016 GREGORY TRUCKING CO., INC., entrusted a tractor trailer to WILEY LENUE HOOKS, JR., - an unfit tractor trailer driver.

1

136. The defendant, GREGORY TRUCKING COMPANY, INC., had a duty – pursuant to the Federal Motor Carrier Safety Administration's Rules (FMCSRs) - to verify that its agent and/or employee – WILEY LENUE HOOKS, JR., - had a valid Commercial Driver's License (CDL), and/or was otherwise qualified under the FMCSRs to operate a commercial vehicle.

137. The Defendant, GREGORY TRUCKING COMPANY, INC., failed to verify its agent and/or employee – WILEY LENUE HOOKS, JR., - had a valid CDL and/or was otherwise qualified under the FMCSRs as a commercial driver and entrusted a tractor and/or trailer to WILEY LENUE HOOKS, JR., - an unfit person - whose incompetence or unfitness caused the death of the Plaintiff.

138. The defendant, GREGORY TRUCKING COMPANY, INC., gave specific or general permission to WILEY LENUE HOOKS, JR., to operate the tractor and/or trailer without verifying he had a valid CDL license or was otherwise qualified under the FMCSRs to operate a commercial vehicle.

139. The defendant, GREGORY TRUCKING COMPANY, INC., INC., knew or should have known its agent and/or employee – WILEY LENUE HOOKS, JR., - did not have a valid

CDL and was otherwise unqualified  under the FMCSRs and unfit to operate a commercial vehicle.

140. The negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of GREGORY TRUCKING COMPANY, INC., was the proximate cause of the Plaintiff's death.

141. The defendant, GREGORY TRUCKING COMPANY, INC., is liable for its negligent, malicious, willful, wanton, gross negligence, and/or reckless conduct of failing to verify its agent and/or employee – WILEY LENUE HOOKS, JR., - had a valid CDL and/or was otherwise qualified under the FMCSRs to operate a commercial vehicle.

142. The conduct of the defendant GREGORY TRUCKING COMPANY,  was malicious, willful, wanton, grossly negligent, and reckless and caused the death of the Plaintiff.

143. This Count is brought by the Personal Representative against the Defendant, GREGORY TRUCKING COMPANY,  for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

144. This Count is brought by the Personal Representative against the Defendant, GREGORY TRUCKING COMPANY, for the death of GEORGE J. FORBES, loss of consortium, society, companionship, loss of services, and net loss of expected income for the time after death for the use of the next of kin of the said GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, GREGORY TRUCKING COMPANY, INC., for compensatory damages, punitive damages in an amount sufficient to punish the defendant(s) and deter others from similar misconduct, conscious pain and suffering, interest, costs, compensation for the loss of the reasonably expected net income, services, protection, care assistance, society, companionship, comfort, guidance counsel, and advice of the decedent and for such other and further relief the Court deems equitable and just.

1

## COUNT VI
## M.G.L. c. 229, §§2, 6
## NEGLIGENT EMPLOYMENT, HIRING,
## TRAINING, SUPERVISION, & RETENTION v. GREGORY
## TRUCKING COMPANY, INC.

145. Plaintiff states all previous paragraphs as if set forth herein.

146. The Defendant, GREGORY TRUCKING COMPANY, INC., had a duty to employ, hire, train, supervise and retain safe truck drivers to prevent injuries and protect the public.

147. The Defendant, GREGORY TRUCKING COMPANY, INC., had a duty, imposed by law and regulation, to diligently and adequately hire, train, supervise and retain safe truck drivers to the extent mandated by the Federal Motor Carrier Safety Regulations Parts §§390-397. Such duties include, but are not limited to:

A. To obtain a complete employment application before permitting an agent, servant, and/or employee" to drive a commercial vehicle. 49 CFR §391.21;

B. To investigate the agents, servants, and/or "employee's" drivers employment record during the preceding three (3) years by all reasonable means. 49 CFR §391.23(a)(2), 391.23(c);

1

2   C. To inquire into the agent's, servant's, and/or "employee's"

3      driving record within thirty (30) days after employment

4      begins. 49 CFR §391.23(a);

5   D. To require a successfully completed road test before

6      commencing employment, and permitting the applicant, agent,

7      servant, and/or 'employee" to drive a commercial motor

8      vehicle. 49 CFR §391.31(a);

9   E. To investigate the driver's safety performance history with the

10     Department of Transportation regulated employer during the

11     preceding three (3) years. 49 CFR §391.23(2);

12  F. Ensure that its driver was physically qualified to operate a

13     tractor trailer and had a valid and current DOT medical

14     examiner's certificate. 49 CFR §391.41;

15  G. Ensure that its driver was properly licensed to

16     operate a tractor trailer;

17  H. To require and verify its drivers pass a knowledge

18     and skills test as prescribed by Federal Motor

19     Carrier Safety Regulations. 49 CFR §380.109 and 49

20     CFR §380.509;

21

22

I. To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities and disqualifications. 49 CFR §380.503;

J. To ensure that its drivers have been properly trained and show proof of that training with a training certificate. 49 CFR §391.41; 49 CFR §380.505;

K. To ensure that its drivers were continuously physically qualified to safely operate a tractor trailer. 49 CFR §391.41, 49 CFR §391.43;

L. To maintain a driver qualification file for each driver employed. 49 CFR §391.51;

M. To maintain a driver investigation history file for each driver it employs. 49 CFR §391.53;

N. To not allow or permit its on duty drivers to be in possession of drugs as listed in 49 CFR §392.4(a);

O. To not schedule a run, nor permit, nor require the operation of any commercial vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at seeds greater than those prescribed by law. 49 CFR §392.6;

P. To require observance by its drivers of any duty or prohibition imposed upon the drivers by the federal Motor Carrier Safety Regulations. 49 CFR §390.11;

Q. To not require or permit a driver, including Defendant WILEY LENUE HOOKS, JR., to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 CFR §392.3;

R. To not permit allow a driver, including Defendant WILEY LENUE HOOKS, JR., to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 CFR §391.11;

S. To not aid, abet, encourage or require any of its employees to violate the safety regulations contained within chapter 390. 49 CFR §390.13;

1

2    T. To prohibit its employees from driving a

3       commercial motor vehicle unless the employee had

4       first completed and furnished defendants with an

5       application for employment that meets the

6       requirements as set forth in 49 CFR §391.21(b);

7    U. To make investigation and inquiry with respect to each driver

8       it employs and to do so in the manner prescribed in 49 CFR

9       §391.23;

10    V. To obtain the motor vehicle record of every driver

11       it employed, including the Defendant WILEY

12       LENUE HOOKS, JR., at least once every twelve

13       (12) months in order to determine whether that

14       driver continues to meet the minimum requirements

15       for safe driving or is disqualified to drive a

16       commercial motor vehicle. 49 CFR §391.25;

17    W. To require each of its drivers, including the

18       Defendant WILEY LENUE HOOKS, JR., to furnish

19       it with a list of all violations of motor vehicle

20       traffic laws and ordinances of which he/she has

21       been convicted in the preceding twelve (12)

22       months. 49 CFR §391.27;

X. To prohibit its employees, including the Defendant WILEY LENUE HOOKS, JR., from driving until the driver has successfully completed a road test and been issued a certificate of driver's road test. 49 CFR §391.31; and

Y. To ensure that its drivers, including the Defendant WILEY LENUE HOOKS, JR., were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required time frames as set forth within the Federal Motor Carrier Safety Regulations. 49 CFR §391 – subpart E.

148. The Defendant, GREGORY TRUCKING COMPANY, INC., was negligent, grossly negligent, malicious, willful, wanton and/or reckless in employing, hiring, training, supervising and/or retaining the Defendant, WILEY LENUE HOOKS, JR., as a commercial driver as of and through August 24, 2016.

149. Defendant - GREGORY TRUCKING COMPANY, INC.'s actions and omissions in employing, hiring, training, supervising and/or retaining the Defendant WILEY LENUE HOOKS, JR., – including their violations of the Federal Motor Carrier Safety

Regulations – were negligent, grossly negligent, malicious, willful, wanton, and/or reckless.

150. The negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of the defendant GREGORY TRUCKING COMPANY, INC., was the proximate cause of the Plaintiff's death.

151. This Count is brought by the Personal Representative against the Defendant, GREGORY TRUCKING COMPANY, for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

152. This Count is brought by the Personal Representative against the Defendant, GREGORY TRUCKING COMPANY, for the death of GEORGE J. FORBES, loss of consortium, society, companionship, loss of services, and net loss of expected income for the time after death for the use of the next of kin of the said GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, GREGORY TRUCKING COMPANY, INC., for compensatory damages, punitive damages in an amount sufficient to punish the defendant(s) and deter others from similar misconduct, conscious pain and suffering, interest, costs, compensation for the loss of the reasonably expected net income, services, protection, care assistance, society, companionship, comfort, guidance counsel, and advice of the decedent and for such other and further relief the Court deems equitable and just.

**COUNT VII**
**M.G.L. c. 229, §§2, 6**
**NEGLIGENCE – RESTATEMENT (SECOND) TORTS**
**§411 – NEGLIGENCE IN THE SELECTION OF A**
**CONTRACTOR v. B&C TIMBERS, LLC., and BB&S**
**ACQISITION CORPORATION**

153. Plaintiff states all previous paragraphs as if set forth herein.

154. Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - were "shippers" as defined 49 CFR §390.5 "person who tenders property to a motor carrier or driver of a commercial motor vehicle for transportation in interstate commerce."

155. Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - were sophisticated, not casual, "shippers" of goods in interstate commerce.

156. "Shippers" are an integral part of the transportation supply chain.

157. One who is regularly engaged in the commercial enterprise of interstate "shipping" – as are the Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION – have a duty of reasonable care in the selection of a motor carrier/trucking company.

158. "Shippers," like the Defendants - B&C TIMBERS, LLC., and BBS ACQUISITION CORPORATION – have a duty to make a reasonable inquiry as to the competence of a motor carrier/trucking company before putting it into motion on the highways where the public has access.

159. "Shippers," like the Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - have a continuing duty to inquire into a motor carriers/trucking companies competence beyond the initial hiring.

160. "Shippers," like B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION  have a duty to check the safety rating of a motor carrier/trucking company before hiring it and putting it into motion on the highways where the public has access.

161. "Shippers," like the Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION – have a duty to maintain internal records of the motor carriers/trucking companies with which it contracts to assure they are not manipulating their business practices in order to avoid unsatisfactory safety ratings.

162. A "shipper" has a duty to use reasonable care in the selection of a motor carrier/trucking company to further the critical federal interest in protecting drivers and passengers on the nation's highways.

163. At all relevant times, every relevant standard of care, including the industry standard of care, required the defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - to qualify motor carriers/trucking companies as safe before hiring them to protect the public.

164. At all relevant times the Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION -  had a duty to exercise reasonable care in employing a competent and careful contractor to do work which involves a risk of physical harm to third persons unless it is skillfully and carefully done or to perform any duty which they owe to third persons (Restatement (Second) Torts, §411.)

165. At all relevant times Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - employed GREGORY TRUCKING COMPANY, INC., as a contractor to transport goods in interstate commerce.

166. The defendants – B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION – were negligent, grossly negligent, malicious, willful, wanton and/or reckless in their selection of the motor carrier – GREGORY TRUCKING COMPANY, INC..

167. The negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of the defendants – B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION – was the proximate cause of the death of the Plaintiff.

168. A tractor trailer truck is not an inherently dangerous thing within itself; however, when operated by an unfit and/or unqualified driver, it becomes dangerous.

169. Driving a tractor trailer truck involves a foreseeable risk of harm to others unless it is skillfully and carefully done.

170. At all relevant times GREGORY TRUCKING COMPANY, INC., was not a competent and careful motor carrier and Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION

1    CORPORATIONs - were negligent, grossly negligent, malicious,

2    willful, wanton and/or reckless in their selection of it as a

3    contractor.

4    171. GREGORY TRUCKING COMPANY, INC., did not possess the

5    knowledge, skill, experience, personal characteristics and

6    equipment which a reasonable person would realize that an

7    independent contractor must have in order to do the work which he

8    contracts to do without creating unreasonable risk of injury to

9    others and the Defendants - B&C TIMBERS, LLC., and BB&S

10    ACQUISITION CORPORATION - were negligent, grossly

11    negligent, malicious, willful, wanton and/or reckless in their

12    selection of it as a contractor.

13    172. The Defendants - B&C TIMBERS, LLC., and BB&S

14    ACQUISITION CORPORATION - failed to use reasonable

15    care in not qualifying and vetting GREGORY TRUCKING

16    COMPANY, INC., and in failing to develop or enforce

17    appropriate guidelines consistent with prevailing safety

18    standards and applicable law.

19    173. B&C TIMBERS, LLC., and BB&S ACQUISITION

20    CORPORATION failed to use reasonable care in hiring

21    GREGORY TRUCKING COMPANY, INC., and in

22    investigating its safety management systems and its compliance

1   with applicable trucking safety regulations, as well as the

2   publicly available safety performance of GREGORY

3   TRUCKING COMPANY, INC.

4   174. The defendants - B&C TIMBERS, LLC., and BB&S

5   ACQUISITION CORPORATION - knew, or in the exercise of

6   reasonable care, should have known, GREGORY TRUCKING

7   COMPANY, INC., was an unsafe and incompetent motor carrier.

8   175. The Defendants - B&C TIMBERS, LLC., and BB&S

9   ACQUISITION CORPORATION - were aware prior to

10  hiring GREGORY TRUCKING COMPANY, INC., that

11  motor carriers with a "conditional" safety rating were more

12  dangerous than motor carriers/trucking companies with a

13  satisfactory safety rating

14  176. Despite knowledge that motor carriers/trucking companies

15  with a "conditional" safety rating were more dangerous than

16  motor carriers/trucking companies with a satisfactory safety

17  rating, the Defendants - B&C TIMBERS, LLC., and BB&S

18  ACQUISITION CORPORATION – consciously and

19  deliberately hired GREGORY TRUCKING COMPANY,

20  INC., with its known "conditional" safety ratings to move its

21  goods.

177. The same deficient characteristics, traits and qualities which rendered GREGORY TRUCKING COMPANY, INC., incompetent are the same deficient characteristics, traits and qualities that proximately caused the subject crash and death of the Plaintiff.

178. The negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of the Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - as described herein was a proximate cause of the subject crash and death of George Forbes.

179. The negligence, gross negligence, malicious, willful, wanton and/or reckless acts of the Defendants - B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION - set in motion and made probable the foreseeable consequences and constituted a succession of events so linked together as to make a natural whole proximately causing the crash and death of George Forbes.

180. This Count is brought by the Personal Representative against the Defendants, B&C TIMBERS, LLC., and BB&S ACQUISITION CORPORATION for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by

1    GEORGE J. FORBES, and is brought for the benefit of the

2    Estate of GEORGE J. FORBES.

3  181. This Count is brought by the Personal Representative

4    against the Defendants, B&C TIMBERS, LLC., and BB&S

5    ACQUISITION CORPORATION for the death of GEORGE J.

6    FORBES, loss of consortium, society, companionship, loss of

7    services, and net loss of expected income for the time after death

8    for the use of the next of kin of the said GEORGE J.

9    FORBES.

10

11  **WHEREFORE**, the Plaintiff demands judgment against the

12   Defendant, B&C TIMBERS, LLC., and BB&S ACQUISITION

13   CORPORATION for compensatory damages, punitive damages in

14   an amount sufficient to punish the defendant(s) and deter others

15   from similar misconduct, conscious pain and suffering, interest,

16   costs, compensation for the loss of the reasonably expected net

17   income, services, protection, care assistance, society,

18   companionship, comfort, guidance counsel, and advice of the

19   decedent and for such other and further relief the Court deems

20   equitable and just.

21

22

## COUNT VIII
## M.G.L. c. 229, §§2, 6
## SINGLE ENTERPRISE, JOINT VENTURE,
## JOINT ENTERPRISE v. GREGORY TRUCKING
## COMPANY, INC., GREGORY LEASING COMPANY, INC.,
## BSG LEASING, INC., and B&C TIMBERS, LLC.

182. Plaintiff states all previous paragraphs as if set forth herein.

183. The Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., and B&C TIMBERS, LLC., were acting as joint venturers, and as a single enterprise and are indistinguishable entities, operate and act as a single entity or enterprise, have unity of interests, act together in relationship, and should be charged with each other's liabilities.

184. The defendants, GREGORY LEASING COMPANY, INC. GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., B&C TIMBERS, LLC., sought to transport goods in interstate commerce and in doing so, were negligent, grossly negligent, malicious, willful, wanton and/or reckless.

185. The defendants, GREGORY LEASING COMPANY, INC. GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., and B&C TIMBERS, LLC., are:

   a. Corporations with identity or substantial identity of ownership;

b.  Corporations with common directors and/or officers;

c.  Corporations with unified administrative control  whose business functions are similar or supplementary;

d.  Corporations with directors and/or officers  not acting independently and in the interest of that corporation;

e.  Corporations financing one another;

f.  Corporations using the same telephone numbers, addresses, and mailing facilities;

g.  Corporations that integrated and/or intermingled their resources;

h.  Corporations with inadequate capitalization;

i.  Corporations with inadequate liability insurance;

j.  Corporations causing the incorporation of another affiliated corporation;

k.  Corporations paying the salaries and other expenses or losses of each other;

l.  Corporations receiving no business other than that given to it by its affiliated corporations;

m. Corporations using the property of  one another as its own;

n.  Corporations not in compliance with corporate formalities;

o.  Corporations intermingling common employees and resources;

p. Corporations utilizing the services of each other's employees on behalf of each other;

q. Corporations with a common office and/or facilities;

r. Corporations with centralized accounting;

s. Corporations with undocumented transfers of funds between them;

t. Corporations with unclear allocation of profits and losses between them;

u. Corporations with excessive fragmentation of a single enterprise into separate corporations;

v. Corporations whose personalities have merged so that one corporation is a mere adjunct of another;

w. Corporations commingling funds between them and personally;

x. Corporations not conducting regular meetings of shareholders and directors;

y. Corporations with active and direct participation by their representatives exercising some form of pervasive control in the activities of each other causing fraudulent or injurious consequences;

z.  Corporations intermingling activities with a substantial disregard of the separate nature of the corporate entities or serious ambiguity about the manner and capacity in which the various corporations and their representatives are acting;

aa.  Corporations that are not distributing dividends;

bb.  Corporations siphoning corporate funds by the dominant shareholders;

cc.  Corporations with non-functioning officers and/or directors, other than the shareholders; and

dd.  Corporations without adequate corporate records.

186. The Plaintiff's intestate, GEORGE J. FORBES's, death was proximately caused by the negligence, gross negligence, malicious, willful, wanton or reckless conduct of the Defendants, GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., and B&C TIMBERS, LLC.

187. It would be an inequitable result if GREGORY LEASING COMPANY, INC., GREGORY TRUCKING COMPANY, INC., BSG LEASING, INC., and B&C TIMBERS, LLC., were not held liable for each other's dubious manipulation and contrivance such that corporate identities are confused and third

1    parties cannot be quite certain with what corporation they are

2    dealing.

3    188. This Count is brought by the Personal Representative

4    against the Defendants, GREGORY LEASING COMPANY,

5    INC., GREGORY TRUCKING COMPANY, INC.,    BSG

6    LEASING, INC., and B&C TIMBERS, LLC.,    for conscious

7    pain and suffering, loss of earning capacity prior to death,

8    medical expenses, and funeral and burial expenses sustained

9    by GEORGE J. FORBES, and is brought for the benefit of the

10    Estate of GEORGE J. FORBES.

11    189. This Count is brought by the Personal Representative

12    against the Defendants, GREGORY LEASING COMPANY,

13    INC., GREGORY TRUCKING COMPANY, INC.,    BSG

14    LEASING, INC., and B&C TIMBERS, LLC.,    for the death of

15    GEORGE J. FORBES, loss of consortium, society,

16    companionship, loss of services, and net loss of expected

17    income for the time after death for the use of the next of kin of

18    the said GEORGE J. FORBES.

19    **WHEREFORE**, the Plaintiff demands judgment against the

20    Defendant, GREGORY LEASING COMPANY, INC., GREQORY

21    TRUCKING COMPANY, INC., BSG LEASING, INC., and/or B&C

22    TIMBERS, LLC., for compensatory damages, punitive damages in

1  an amount sufficient to punish the defendant(s) and deter others

2  from similar misconduct, conscious pain and suffering, interest,

3  costs, compensation for the loss of the reasonably expected net

4  income, services, protection, care assistance, society,

5  companionship, comfort, guidance counsel, and advice of the

6  decedent and for such other and further relief the Court deems

7  equitable and just.

8

9

## COUNT IX
## M.G.L. c. 229, §§2, 6
## LEASE LIABILITY v. BB&S ACQUISITION
## CORPORATION

16  190. Plaintiff states all previous paragraphs as if set forth herein.

17  191. At all times, Defendant BB&S ACQUISITION CORPORATION

18      was operating as an "employer" or leasor of an "employee"

19      operating a "motor vehicle" upon the roads and highways for a

20      commercial purpose of BB&S ACQUISITION CORPORATION.

21  192. At all times, the Defendant, WILEY LENUE HOOKS, JR., was

22      an "employee" of BB&S ACQUISITION CORPORATION as that

23      term is defined by the Federal Motor Carrier Safety Regulations,

24      specifically 49 CFR §390.5

25

1

193. Defendant BB&S ACQUISITION CORP  is vicariously liable as the statutory employer of the Defendant, WILEY LENUE HOOKS, JR., and/or pursuant to the doctrine of lease  liability.

194. Defendant, BB&S ACQUISITION CORPORATION had a duty to hire and employ safe  motor carriers/trucking companies and tractor trailer drivers.

195. Defendant,  BB&S  ACQUISITION  CORPORATION  was responsible for the parties it employed including WILEY LENUE HOOKS, JR., and GREGORY TRUCKING COMPANY, INC., and chose to carry out the business of shipping in interstate commerce by using WILEY LENUE HOOKS, JR., and GREGORY TRUCKING COMPANY, INC.

196. Defendant,  BB&S  ACQUISITION  CORPORATION  was negligent, grossly negligent, malicious, willful, wanton and/or reckless in the employment of  WILEY LENUE HOOKS, JR., and GREGORY TRUCKING COMPANY, INC., in carrying out its business.

197. The negligence, gross negligence, malicious, willful, wanton and/or reckless conduct of the Defendant, BB&S ACQUISITION CORPORATION was the proximate cause of the Plaintiff's death.

198. This Count is brought by the Personal Representative against the Defendant, BB&S ACQUISITION CORPORATION for conscious pain and suffering, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses sustained by GEORGE J. FORBES, and is brought for the benefit of the Estate of GEORGE J. FORBES.

199. This Count is brought by the Personal Representative against the Defendant, BB&S ACQUISITION CORPORATION for the death of GEORGE J. FORBES, loss of consortium, society, companionship, loss of services, and net loss of expected income for the time after death for the use of the next of kin of the said GEORGE J. FORBES.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, BB&S ACQUISITION CORPORATION for compensatory damages, punitive damages in an amount sufficient to punish the defendant(s) and deter others from similar misconduct, conscious pain and suffering, interest, costs, compensation for the loss of the reasonably expected net income, services, protection, care assistance, society, companionship, comfort, guidance counsel, and advice of the decedent and for such other and further relief the Court deems equitable and just.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**

**ON ALL COUNTS SO TRIABLE.**

Dated: *29 April 2019*

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES

By: */s/ Dino M. Tangredi*

**Dino M. Tangredi**
**BBO No. 567928**
**The Miles Pratt House**
**106 Mount Auburn Street**
**Watertown, MA. 02472**
**T:   617-926-0012**
**F:    617.926.0016**
masslaw@dinotangredi.com
**Attorney for the Plaintiff**

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above was served upon
each party appearing pro se and the attorney of record for
each other party on June 5, 2019 by:

✓ _____   U.S. mail
_____   In hand
✓ _____   E-mail                By: */s/Dino M. Tangredi* _____
_____   Fax

DMT/mlt
70103/comp-amended-1B