Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.17 CV  30174

**************************************

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES,
                    PLAINTIFF

v.

GREGORY TRUCKING COMPANY,
INC., WILEY LENUE HOOKS, JR.,
GREGORY LEASING COMPANY, INC.
BSG LEASING, INC.;  and
B&C TIMBERS LLC.
                    DEFENDANTS

**************************************

## PLAINTIFF'S MOTION IN LIMINE NO. 3
## PRE-CHARGE TO THE JURY

George (Joe) Forbes was killed when his pick-up truck was struck by a tractor trailer truck which ran a red light.  The tractor trailer truck was owned by Gregory Trucking Co. Inc., (Gregory) and operated by Gregory's employee - Wiley Lenue Hooks, Jr. (Hooks).   It is alleged Gregory negligently hired Hooks who had a pending criminal charge for driving while impaired (his 5th) when Gregory hired Hooks; and that Gregory was negligent in training and supervising Hooks, as well as negligently entrusting the driver with a tractor trailer truck.

PX~MIL~047

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

Plaintiff requests the court pre-charge the jury on the following topics:

1. Wrongful Death – Generally
2. Standard of Proof -Preponderance Standard;
3. Agency – generally
4. Negligence – Generally;

5. Reasonable Care Varies With The Circumstances
6. Damages
   a. Fair Monetary Value of Decedent to Beneficiaries
   b. Burial &Funeral Expenses;
   c. Loss of Earning Capacity;
   d. Conscious Pain & Suffering;
   e. Medical Expenses;
   f. Punitive Damages

7. Age of the case.
8.
9.

Plaintiff has attached the exact charge she seeks for each topic.

PX~MIL~048

1

**Dated:**

3

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES

By: _/s/ Dino M. Tangredi_

**Dino M. Tangredi**
**BBO No. 567928**
**The Miles Pratt House**
**106 Mount Auburn Street**
**Watertown, MA. 02472**
**T:     617-926-0012**
**F:     617.926.0016**
masslaw@dinotangredi.com

DMT/mlt
70103/Limine-3-pre-charge

*Thomas Forbes as he is the Personal Representative of the Estate of George Forbes*

*v.*

*Gregory Trucking Company, Inc. et. al.*

*C.A. No. 3:17 – CV 30174-MAP*

PX~MIL~049

1
2                                    **REQUEST I-1**
3
4                                **WRONGFUL DEATH**
5
6    **PRELIMINARY INSTRUCTION – WRONGFUL DEATH STATUE**
7
8
9    **A wrongful death action[1], such as this one, is a tort action[2] brought by the**
10   **personal representative of the decedent's estate.[3,4]  Here, the plaintiff, Thomas**
11   **Forbes, is the personal representative of the estate of the decedent, George**
12   **Forbes.**
13
14                                    *Cont…*
15

---

1 Some of the damages in a wrongful death action, i.e., those which are considered survival actions, will go into the estate and be distributed according to the will or the laws of intestacy, if there is no will.  G.L. c. 288 §6; *Gaudette v. Webb*, 362 Mass. 60, 62-63 (1972).   These areas include conscious pain and suffering prior to death, loss of earning capacity prior to death, medical expenses, and funeral and burial expenses.  *Dermody v. Utley*, 328 Mass. 209, 211-12 (1952); *Burt v. Meyer*, 400 Mass. 185, 186 n.5 (1987).   On the other hand, damages which are based on the Wrongful Death Status (damages to the next of kin for loss of consortium/society/companionship, loss of services, and net loss of expected income for the period of time after death), go directly to the specified next of kin without ever going into the estate.  *Maltzman v. Hertz*, 336 Mass 7y04, 707-08 (1958.   A wrongful death action is the exclusive remedy for recovery of damages for loss of consortium or loss of companionship and society for the period after the decedent's death.  *Hallett v. Town of Wrentham,* 398 Mass. 550, 556 (1983).

2 General Law c. 229 §2 also establishes a cause of action where the decedent's death was caused by injuries resulting from a breach of warranty under Article 2 of the Uniform Commercial Code, G.L. c. 106.  *See generally MacCuish v. Volkswagenwert A.G.,* 22 Mass. App. Ct 380, *aff'd*, 400 Mass. 1003 (1987).

3 *Santos v. Lumbermens Mut. Cas.Co.,* 408 Mass. 70 (1990).

4 Under G.L. c 229 § 2, the right to recovery is based upon the common law, and under the common law all that is required is negligent conduct (rather than willful, wanton or reckless conduct).  *Zeroulias v. Hamilton Am. Legion Assocs., Inc.* 46 Mass. Appl. Ct. 912 (1999)

PX~MIL~051

1

2

3  **The plaintiff has brought this action to recover damages for the benefit of the**

4  **decedent's ~~parent and~~ siblings caused by the decedent's death[5],[6]**

---

5  The status under which this action is brought provides as follows:

A person who

(1) By his negligence causes the death of a person or

(2) By willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted or

(3) Operates a common carrier of passengers and by his negligence causes the death of a passenger or

(4) Operates a common carrier of passengers and by his willful, wanton or reckless act causes the death of a passenger under such circumstances that the deceased could have recovered damages for personal injuries if his death had not result or

(5) Is responsible of a breach of warranty arising under Article 2 of chapter one hundred and six which results in injury to a person that causes death, shall be liable in damages in the amount of:

(a) The fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered

(b) The reasonable funeral and burial expense of the decedent;

(c) Punitive damages in an amount of not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant:...

Damages under this section shall be recovered in an action of tort by the executor or administrator of the deceased.

An action to recover damages under this section shall be commenced within three years from the date when the deceased's executor or administrator knew or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action or within such time thereafter as is provided by sections four, four B, nine or ten of chapter two hundred and sixty.

G.L. c. 229 §2, amended by 1989 Mass. Acts c. 215 §1

6  For cases against a railroad resulting in wrongful death, see *Boyd v. Amtrak*, 446 Mass. 540, 545 (2006) ("The Massachusetts wrongful death statute, G.L. c. 229 §2, provides that a wrongful death claim may be brought against

Page **2** of **86**

1
2
3
4
5     *Practice Note*
6     *Most judges read to the jury the portions of the statute which are applicable to the issues*
7     *in the case, G.L. c. 229 §2 (as amended by 1989 Mass. Acts c. 215 §1).*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33

---

someone who, by willful, wanton or reckless act, causes the death of another person. The statute include3s a specific exemption to liability for railroads in situations where a person operating a railr5oad is sued for negligently "causing the death of a person while walking or being upon such railroad contrary to law or to the reasonable rules and regulations of the carrier." G.L. c. 229 §2: see _Gage v. Westfield_, 26 Mass. App. Ct. 681, 691 (1988). However, even where a decedent is a trespasser, a railroad can be held liable for damages if the conduct of its agents that caused such death was willful, wanton or reckless. *See* G.L. c. 229 §2).

PX~MIL~053

PX~MIL~054

### REQUEST II-1

### STANDARD OF PROOF- BURDEN OF PROOF

The standard of proof in a civil case is that a plaintiff must prove his case by a preponderance of the evidence.   This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt.   By contrast, in a civil case such as this one, the plaintiff is not required to prove his case beyond a reasonable doubt.   In a civil case, the party bearing the burden of proof meets the burden when he shows it to be true by a preponderance of the evidence.   The standard of a preponderance of the evidence means the greater weight of the evidence.   A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probably in the sense that there exists in your minds an actual

*Cont…*

1

2

3   belief in the truth of that proposition derived from the evidence,

4   notwithstanding any doubts that my still longer in your minds.

5   Simply stated, a matter has been proved by a preponderance of the evidence if

6   you determine, after you have weighted all of the evidence that that matter is

7   more probably true than not true.[7]

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

---

7 *Sargent v. Mass. Accident Co.*, 307 Mass. 246, 250 (1940); see also *Libson v. Contributory Ret.* App. Bd., 41
Mass. App. Ct. 246 (1996).

Page **6** of **86**

1
2          ## REQUEST III-1
3
4          ## AGENCY - GENERALLY
5
6
7    **An employer is responsible for the negligence of their employee if the employee**

8    **was negligent while acting within the scope of his employment.   In determining**

9    **whether the conduct was within the scope of a person's employment, you may**

10   **take into account whether it was the type of conduct that he was employed to**

11   **perform, whether the conduct occurred substantially within the authorized**

12   **time and space limits and whether it was motivated, at least in part, by a**

13   **purpose to serve the employer.[8]**

14

15
16
17
18
19
20
21
22
23
24
25

---

[8] *Dias v. Brigham Med. Assocs. Inc.,* 438 Mass. 317 (2002); *Worcester Ins. Co. v. Fells Acres Day Sch., Inc.,* 408
Mass. 393, 404 (1990); *Swasey's Case,* 8 Mass. App. Ct. 489, 494 (1979).

PX~MIL~057

PX~MIL~058

# REQUEST IV-1

# NEGLIGENCE- GENERALLY

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.[10]

Negligence is doing something that a reasonable prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.[11]

Ordinarily, where a duty of care is established by law, the standard by which a party's performance is measured is the conduct expected of a reasonably prudent person in similar circumstances.   The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent.   The same standard is frequently expressed in terms of "reasonable care."

---

10 _Morgan v. Lalumiere,_ 22 Mass. App. Ct. 262, 267 (1986)(instruction on negligence must refer to reasonable person standard and to attendant circumstances)

11 _Mass. Lobstermen's Ass'n, Inc. v. United States,_ 554 F.Supp. 740, 742 (D.Mass. 1982); _Goldstein v. Gontarz,_ 364 Mass. 800, 805 (1974); _Beaver v. Costin,_ 352 Mass. 624, 626 (1967); _Altman v. Aronson,_ 231 Mass. 588, 591 (1919).

PX~MIL~059

PX~MIL~060

1
                  **REQUEST VII-2**

2

3
                  **BREACH**

4

5
**REASONABLE CARE VARIES WITH CIRCUMSTANCES**

6

7

8
**The amount of care that the prudent person would exercise varies with**

9
**the circumstances, the care increasing with the likelihood and severity**

10
**of the harm threatened.**[46]

11

12
**Therefore, based on the facts you find from the evidence submitted in**

13
**this case, you are to determine how a person of reasonable prudence**

14
**would act in these circumstances.**[47]

---

46 *Goldstein v. Gontarz*, 364 Mass. 800, 805-806 (9174); *Kane v. Fields Corner Grille*, 341 Mass. 640, 643 (1961); see also *Hallett v. Town of Wrentham*, 398 Mass. 550, 558-59 (9186) (citing *LaClair v. Siberline Mfg. Co.*, 379 Mass. 21, 27 (1979)); *see also* Restatement (Second) of Torts §§283, 298 (1965)

By way of example, in *Upham v. Chateau de Ville Dinner Theatre, Inc.*, 380 Mass. 350, 252 (1980), the court set out the standard of care of a theater owner; A theater owner owes a patron "the general duty to use ordinary care and diligence to put and keep his [theater] in a reasonably safe condition, having regard to the construction of the place, character of the entertainment given and the customary conduct of persons attending." *Upham v. Chateau de Ville Dinner Theater, Inc.*, 380 Mass. at 352 (quoting *Rosston v. Sullivan*, 278 Mass. 31, 34-35 (1931)).   The court noted that the factfinder is to consider all relevant factors, including the requirements of the defendant's business and not merely the custom or practice of the trade.   *Upham v. Chateau de Ville Dinner Theatre, Inc.*, 380 Mass. At 354.   Factors such as the plaintiff's age, the lack of ushers or the lack of warnings to patrons to be careful going to and from their seats (as well as the five weeks' notice that the defendant had of the elderly group's visit) are to be considered on the reasonableness of the defendant's conduct.   *Upham v. Chateau de Ville Dinner Theatre, Inc,* 380 Mass at 355-56.

Also relevant is whether an obvious, dangerous condition existed.   *Upham v. Chateau de Ville Dinner Theatre, Inc.*, 380 Mass. 350, 355-55 (1980).   The court advised that the greater the danger, the higher the precautions needed for a jury to conclude that the defendant's conduct constituted reasonable care.   *Upham v. Chateau de Ville Dinner Theatre, Inc.* 380 Mass. At 356.   See also *Irwin v. Town of Ware*, 392 Mass. 745, 760-61 (1984) , for a list of relationships in which duty to exercise reasonable care had been established.

47 *Gilhooley v. Star Mkt. Co.*, 400 Mass. 205, 207 (1972); *Brennan v. Ocean View Amusement Co.*, 289 Mass. 587 (1935).

Depending on the facts of the case, different factors may be relevant, as in the following circumstances:

Page **35** of 86

- Evidence regarding the general **practice or custom** of a trade or profession is admissible as evidence of negligence (not negligence per se) bearing on the question of what is ordinary or reasonable care. _Glough v. New Eng. Tel. & Tel.Co._, 342 Mass. 31 (1961); _Kushner v. Dravo Corp._, 339 Mass. 273 (1959). The trial judge should be clear in explaining to the jury that such practice or custom   is to be considered only on the issue of reasonable care and is not to be taken as conclusive on the issue of negligence. _Clough v. New Eng. Tel. & Tel Co._, 342 Mass. 31, 35 (1961).

- Evidence of **statutory, regulatory** and **ordinance violations** are also admissible on the issue of reasonable care. However, the harm or injuries that occurred must be of the type that the statute was designed to prevent. _St. Germain v. Pendergast_, 411 Mass. 615 (1992); _see also LaClair v. Silberline Mfg. Co_, 379 Mass. 21, 28 (1979); _McDonough v. Whalen_, 365 Mass. 306, 515 (1974); _Perry v. Medeiros_, 369 Mass. 836, 840 (1974); _Leone v. Doran_, 363 Mass. 1, 10 modified on other grounds, 363 Mass,. 886 (1973); _Kralik v. LeClair_, 315 Mass 323, 326 (1943). Again, the judge must clearly explain that the violation is only evidence of a defendant's negligence and should not be taken as conclusive of a breach of the duty of care.

- The general rule in Massachusetts is that **evidence of repairs** to a premises may not be considered as evidence of negligence. _Martel v. Mass. Bay Transp. Auth_. 403 Mass. 1, 4 (1988); _Manchester v. City of Attleboro_, 288 Mass. 492 (1934). However, "evidence of post-accident improvements may be admissible, in the judge's discretion and subject to limiting instructions, on a variety of other issues in a case." _doCanto v. Ametek, Inc._ 367 Mass. 776, 780 (1975); _see also Simmons v. Monarch Mach. Tool Co._, 413 Mass. 205, 214 (1992), _abrogated on other grounds by Vassallo v. Baxter Healthcare Corp.,_ 428 Mass. 1, 20-23 (1998). The _doCanto_ court identified a number of situations in which such post accident repairs are admissible:

  - To prove the practical possibilities of making a safety improvement (feasibility). _doCanto v. Ametek,_ 367 Mass. at 780; see _Beverly v. Boston Elevated Ry._, 194 Mass. 450, 458 (1907); _Coy v. Boston Elevated Ry._ 212 Mass. 307, 309-10 (1912);

  - On the issue of whether the defendants knew or should have known of the danger at the time of the plaintiff's injury (knowledge). See _Reardon v. Country Club at Coonanmessett, Inc_., 353 Mass. 702, 704-05 (1968)

  - To show control of the premises. _Baum v. Ahlborn,_ 210 Mass. 336 (1911). But _cf. Manchester v. City of Attleboro,_ 288 Mass. 492, 493 (1891)(when the question of ownership or control is not in issue, evidence of subsequent repairs should not be admitted);

  - On the issue of the defendant's duty to warn of deficiency in its product. _doCanto v. Ametek, Inc.,_ 367 Mass. 776, 778 (1975). The _doCanto_ court also held that evidence of pre-accident improvements is admissible under the same basis as post-accident improvements.

- Evidence of **injury to others** may be received by the jury, in the judge's discretion. _Robitallie v. Netoco Cmty Theatre of N. Attleboro, Inc.,_ 305 Mass. 265, 266 (1940). Factors the judge should consider include whether there is substantial identity in the circumstances, and the danger of unfairness, confusion, or undue expenditure of time in the trial of collateral issues. _Robitaille v. Netoco Cmty. Theatre of N. Attleboro, Inc.,_ 305 Mass. at 268. The _Robitaille_ court discussed in

Page 36 of 86

1
2      **REQUEST IX-2**
3
4       **DAMAGES**
5
6 **FAIR MONETARY VALUE OF THE DECEDENT TO THE**
7        **BENEFICIARIES**
8
9
10 Under the wrongful death statute, the surviving ~~parent and~~ siblings of
11 the deceased are entitled to recover the fair monetary value of the
12 decedent to them, including, but not limited to, compensation for the
13 loss of reasonably expected "net income, services, protection, care,
14 assistance, society, companionship,[66] comfort, guidance, counsel and
15 advice of the decedent".[67]
16
17
18
19
20
21
22
23

---

66  A surviving wife is entitled to recover for her loss of affection, companionship and sexual enjoyment under the Massachusetts wrongful death statute.  _Hewitt v. United States_, 550 F. Supp. 589, 592 (D. Mass. 1982)

67  G.L. c. 229 §2; _Shultz v. Grogean_, 406 Mass. 364, 366 (1990).   The statute, in calculating death damages, looks to the loss experienced by the beneficiaries, not the loss incurred by the decedent.  _Lane v. Meserve_, 20 Mass. App. Ct. 659, 666 (1985).

PX~MIL~063

1
2          ## REQUEST IX-5
3
4          ## DAMAGES
5
6          ## BURIAL AND FUNERAL EXPENSES
7
8
9    The next area of damages which you are to consider is the cost of burial
10   and funeral expenses incurred by the estate because of the death.   The
11   plaintiff is entitled to be compensated for those expenses which were
12   reasonable in amount and which were reasonably necessary to bury the
13   decedent.   Therefore, you must determine whether the expense was
14   reasonably related to the burial of the decedent and whether the charge
15   itself was reasonable.[71]
16
17   Funeral and burial expenses are debts of the decedent's estate.[72]
18
19
20
21
22
23
24
25
26
27
28

---

71  *Hewitt v. United States*, 550 F. Supp. 589, 591 (D. Mass. 1982)

72  *Burt v. Meyer,* 400 Mass. 185, 186 n.5 (1987)

PX~MIL~065

PX~MIL~066

1
2  **REQUEST IX-6**
3
4  **DAMAGES**
5
6  **MEDICAL EXPENSES**
7
8
9  The next area of damages to consider is the cost of medical care.   Under

10  Massachusetts law, the estate is entitled to recover the reasonable

11  medical expenses incurred in caring for the decedent's injuries that

12  were caused by the defendants' negligence.[73]

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[73] This right of recovery is *not* encompassed under the wrongful death statute, but frequently is at issue in these actions.   *Hewitt v. United States*, 550 F.Supp. 589, 591 (D. Mass. 1982).

Page **66** of **86**

PX~MIL~067

1
2                                 **REQUEST IX-7**
3
4                                    **DAMAGES**
5
6 **LOST EARNING CAPACITY PRIOR TO DEATH**
7
8
9 **The next area of damages to consider is loss of earning capacity prior to**
10 **death.   The estate of the decedent is entitled to recover for the loss of**
11 **earning capacity from the date of the injuries until the date of death.[74]**
12
13 **Whether we are employed, are retired or never have worked in our lives,**
14 **each of us has the ability to earn money, which is called an earning**
15 **capacity.   The ability, the capacity to earn money, varies from**
16 **individual to individual depending upon a number of factors.   Such**
17 **factors may include evidence of earnings before and after the injury,**
18 **occupation, education, capacity, training, experience, health, habits,**
19 **talents that a person has, skills that a person has, intelligence and**
20 **industry.[75]**
21                                          *Cont...*
22

---

74  The determination of the extent of impairment of earning capacity, though involving contingencies and matters of opinion, rests largely on the common knowledge of the jury, sometimes with little aid from the evidence.   *Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366 (1980); *Doherty v. Ruiz,* 302 Mass. 145, 147 (1939)

75  *Doherty v. Ruiz,* 302 Mass. 145, 147 (1939).

Page **67** of **86**

1

2  **If someone hurts us so that we cannot exercise that ability for whatever**

3  **length of time and that earning capacity is affected, then that is an area**

4  **or element of damage to be considered by you.**

5

6  **Even when a person does not lose wages because his pay is continued by**

7  **his employer as a gratuity or as compensation for disability, this person**

8  **may nevertheless recover damages for impairment of earning capacity**[76]

9

10  **"[And,] a person may have an earning capacity in excess of the wages**

11  **paid him in the job he happens to have at the time of the injury."**[77]

12

13  **Evidence of wages paid is but one factor in your determination of**

14  **diminution of earning capacity.   Bear in mind that it is the diminution**

15  **in earning capacity of this plaintiff himself, and not some standard of a**

16  **normal person in his position, that furnishes the test.**[78]

17

18  **Therefore, you may consider evidence of what the plaintiff did until his**

19  **accident, what the plaintiff's interests were, what the plaintiff's training**

20

21                              *Cont...*

---

76   *Doherty v. Ruiz,* 302 Mass. 145, 147 (1939). (citing *Donoghue v. Holyoke St. Ry.* 246 Mass. 485, 493 (9123));
*Shea v. Rettie* 287 Mass. 454 (1934).

77   *Doherty v. Ruiz,* 302 Mass. 145, 147 (1939). (citations omitted).

78   *Doherty v. Ruiz,* 302 Mass. 145, 147 (1939); Braithwaite v. Hall, 168 Mass. 38, 40 (1897).

PX~MIL~070

1

2 and experience had been, what the plaintiff's talents were and generally,

3 what he was like in order to help determine his capacity to earn since

4 the accident and into the future.   You may not take into account

5 anything that is merely possible, speculative or imaginative.[79]

6

7 [Rather, your award] Any money you allow must be based on

8 reasonable probability and can be made on the basis of your collective

9 common knowledge.[80]

10

11 If the plaintiff had the ability to earn money before the accident and you

12 find there was a period of time after the accident that, by reason of the

13 injury caused by the defendant, he was unable to exercise the necessary

14 body or mental function to earn money, then that is an area which he is

15 entitled to have you consider. If you conclude that the plaintiff will not

16 be able to work anymore because of his injuries or his ability to earn

17 money will be permanently diminished, because of his injuries, you may

18 calculate a sum of money to compensate the plaintiff for that loss until

19 the year he would not have had a capacity to earn if there had not been

20 an accident crash.[81]

---

79 *Bagley v. Kimball,* 268 Mass. 440, 442 (1929).

80 *Cross v. Sharaffa,* 281 Mass. 329, 332 (1933); *Copson v. New York, New Haven & Hartford R.R. Co.,* 171 Mass. 233, 237 (1898); ("it is no objection to finding that a computation is made without the aid of mathematical experts…Every jury in assessing damages in certain classes of actions is at liberty to consider questions of this kid on their own common knowledge and without the aid of expert testimony.")

81 *Reckis v. Johnson & Johnson* 471 Mass. 272, 300 (2015), *cert. denied,* 136  S. Ct. 896 (2016) (Defendants waived the claim that general damages of $50 million were excessive on the basis that; future medical expenses and loss of future earning capacity were speculative; the defendants failed to request that the jury verdict form include separate categories for these damages; and the defendants never

PX~MIL~072

### REQUEST IX-8

### DAMAGES

### CONSCIOUS PAIN AND SUFFERING

The next area of damages to consider is conscious pain and suffering of the decedent prior to death.   The estate of the decedent is entitled to recover for the conscious pain and suffering sustained by the decedent as a result of defendant's negligence.[82]

The plaintiff must prove by a fair preponderance of the evidence that the movement, acts or appearance of the decedent following the injury were the result of or indicative of conscious effort or suffering.[83]

Pain and suffering are two types:   physical pain and suffering and mental pain and suffering.

*Cont….*

---

82 G.L. c. 299 § 6

83 *Carr v. Arthur D. Little, Inc.,* 348 Mass. 469, 475 (1965).

Page **71** of **86**

PX~MIL~073

1

2   **For physical pain and suffering, you are to consider the areas of the**

3   **body in which you find the plaintiff was physically injured.   You are to**

4   **take into account the past pain and suffering endured by the plaintiff**

5   **from the date of the injuries until the date of death.**[84]

6

7

8

9

10                                                              *Cont…*

---

84 _Rodgers v. Boynton_, 315 Mass. 279, 280 (1943).   In general, Massachusetts still follows the view that in order to recover for mental suffering caused by negligent conduct, a plaintiff must also suffer physical injury or harm.   _Sullivan v. Boston Gas Co._, 414 Mass. 129, 137-38 (1993); _Payton v. Abott Labs,_ 386 Mass. 540, 557 (1982).

When recover is sought for negligent rather than intentional or reckless infliction of emotional distress, evidence must be introduced that the plaintiff has suffered physical harm.   The court based its holding on the premise that emotional distress is not a reasonably foreseeable result of a defendant's merely negligent conduct.

However, where it is reasonably foreseeable that emotional distress will occur (absent physical harm) because of a defendant's conduct, recovery has been allowed in these areas:

- _Dziokonski v. Babineau,_ 375 Mass. 555 (1978) (parent witnesses an accident in which parent's child was involved or comes upon scene while child is there).   This view is also presented in Restatement (Second) of Torts § 436 (1965).   However, note that a few special fact patterns do allow recovery absent physical injury.

- _Agis v. Howard Johnson Co.,_ 371 Mass 140, 143-45 (1976) (intentional or recklessly inflicted emotional distress is foreseeable); and

_Colla v. Mandella_, 1 Wis. 2d 594 (1957) (discussed with approval in _Payton v. Abbott L_abs, 386 Mass. 549 (1982) (plaintiff subjected to threat of serious bodily harm)

PX~MIL~074

1

2    **Mental pain and suffering includes any mental distress, fear, and**

3    **apprehension of imminent harm _before_ the injury, any freight at the**

4    **time of the injury and apprehension as to its effects and any fear and**

5    **apprehension of further and future bodily harm, including**

6    **apprehension of imminent death.**[85]

7

8                                                        *Cont...*

---

85 _Sisson v. Howe,_ 460 Mass. 705 at f. 12 (2011), citing _Choicener v. Walters Amusement Agency, Inc.,_ 269 Mass. 341 (1929).  _Bullard v. Central Vermont Railway, Inc._ 565 F.2d 193, 197 (1st Cir. 1977).

In opposition to arguments against pre-impact freight cited in _Gage v. City of Waltham_, 26 Mass. App. Ct. 681,695 (1988), Plaintiff cites to _McIntyre v. U.S._ 447 F.Supp. 2d 54, 117 f.102 (D.Mass.2006):

"Respectfully, I am not convinced that _Gage_ accurately predicts the direction the SJC would follow. First, none of the cases which the court in _Gage_ cites in support of its ruling, 26 Mass.App.Ct. at 696, 532 N.E.2d 62, actually addresses the question of pre-impact fright. _See Royal Indem. Co. v. Pittsfield Elec. Co.,_ 293 Mass. 4, 8, 199 N.E. 69 (1935); _Campbell v. Romanos,_ 346 Mass. 361, 191 N.E.2d 764 (1963); _Carr v. Arthur D. Little, Inc.,_ 348 Mass. 469, 204 N.E.2d 466 (1965). For another, the First Circuit has taken a different view from the Appeals Court. See _Bullard v. Cent. Vt. Ry., Inc., 565_ F.2d 193, 197 (1st Cir.1977) (applying Massachusetts law to hold that plaintiff's fright immediately preceding being hit by a train was compensable mental distress). As the First Circuit has noted, the SJC gives a "warm reception" to RESTATEMENT principles, see _McCloskey,_ 446 F.3d at 269, and the holding of the court in _Bullard,_ unlike that in _Gage,_ is consistent with principles set forth in RESTATEMENT (SECOND) OF TORTS § 456 cmts. c and e. The Restatement § 456 comment c states in relevant part:

Where the tortious conduct in fact results in bodily harm, and makes the actor liable for it, a cause of action is independently established, and there is sufficient assurance that the resulting emotional disturbance is genuine and serious. There may be recovery for such emotional disturbance, even though the emotional disturbance does not result in any further bodily harm.

Comment e explains:

[This] rule ... is not limited to emotional disturbance resulting from the bodily harm itself, but

includes also such disturbance resulting from the conduct of the actor. Thus one who is struck by a negligently driven automobile and suffers a broken leg may recover not only for his pain, grief, or worry resulting from the broken leg, but also for his fright at seeing the car about to hit him.

Finally, the holding in _Gage_ is inconsistent with the acknowledgment by the SJC in _Kennedy v. Standard Sugar Refinery,_ 125 Mass. 90, 92 (1878), that mental distress suffered by a person during a 20 foot fall might be compensable if there were evidence of such distress. Kennedy is a very old case, to be sure, but what it says about pre-injury mental distress has not been overruled or abrogated by the SJC and is consistent with the foregoing principles of the RESTATEMENT.

Page 73 of 86

1

2   **Mental pain and suffering includes any and all nervous shock, anxiety,**

3   **embarrassment or mental anguish resulting from the injury.   Again,**

4   **you should take into account mental suffering from the date of the**

5   **injuries to the date of death – this was approximately 59 hours for**

6   **George (Joe) Forbes.**

7

8   **Taking into consideration the nature of the injury, you are to determine**

9   **what would be a fair and reasonable figure concerning conscious pain**

10  **and suffering prior to death.   The plaintiff is entitled to full**

11  **compensation for any reduction in the enjoyment of life which you**

12  **conclude resulted from this accident.**

13

14  **To arrive at a monetary figure for the plaintiff's pain and suffering, you**

15  **must use your own good sense, background and experience in**

16  **determining what would be a fair and reasonable figure to compensate**

17  **for the physical and mental suffering such as you find has been proved**

18  **by the evidence.**

19

20

21  **There is neither a floor nor a ceiling on damages recoverable for**

22  **conscious pain and suffering.**[86]

---

86   Nolan and   Sartorio , 37A Massachusetts Practice Series, Tort Law, 3rd Ed.   §28.11, p267

Page **74** of 86

PX~MIL~076

1
2          <u>**REQUEST X -2**</u>
3
4          <u>**PUNITIVE DAMAGES**</u>
5
6          <u>**GROSS NEGLIGENCE**</u>
7
8
9    The plaintiff has alleged that the defendants' have caused the decedent's
10   death by gross negligence.   The plaintiff has the burden of proving
11   gross negligence by a preponderance of the evidence.   When you are
12   determining whether the defendants' conduct was gross negligence,
13   remember the instructions on causation which I gave you earlier.
14
15   Gross negligence is substantially and appreciably higher in magnitude
16   than ordinary negligence.   It is materially more want of care than
17   constitutes simple inadvertence.   It is an act or omission respecting
18   legal duty of an aggravated character, as distinguished from a mere
19   failure to exercise ordinary care.   It is very great negligence or the
20   absence of slight diligence or the want of even scant care.   It amounts
21   to indifference to present legal duty and to utter forgetfulness of legal
22   obligations so far as other persons may be affected.   It is a needless and
23   palpable violation of legal duty respecting the rights of others.   The
24   element of culpability which characterizes all negligence is in gross
25   negligence magnified to a high degree as compared with that present in
26
27                                              *Cont…*
28

PX~MIL~077

1

2  ordinary negligence.   Gross negligence is a manifestly smaller amount

3  of watchfulness and circumspection than the circumstances require of a

4  person of ordinary prudence, but is something less than willful, wanton

5  and reckless conduct.

6

7  Gross Negligence falls short of being such reckless disregard of probable

8  consequences as is equivalent to a willful and intentional wrong.

9  Ordinary and gross negligence differ in degree of inattention.   Both

10  differ in kind from willful and intentional conduct which is or ought to

11  be known to have a tendency to injure.[94]

12

13  Some of the common indicia of gross negligence are "deliberate

14  inattention or…voluntary incurring of obvious risk or…impatience of

15  reasonable restraint or…persistence in a palpably negligent course of

16  conduct over an appreciable period of time."[95]

17
18
19                                      *Cont…*
20
21

---

94   *Aleo v. SLB Toys USA, Inc.* 466 Mass. 398, 410 (2013) (quoting *Altman v. Aronson*, 231 Mass. 588, 591-92 (1919).   For a thorough discussion of willful, wanton and reckless conduct, *see Commonwealth v. Welansky*, 316 Mass. 383, 398-401 (1944).   See also *Carroll v. Hemenway*, 315 Mass. 45 (1943); Baines v. Collins, 310 Mass. 523 (1942).

95 *Pruzynski v. Malinowski,* 338 Mass. 58, 60 (1958) (quoting *Lynch v. Springfield Safe Deposit & Trust Co.,* 294 Mass. 170, 172 (1936).

Page **81** of **86**

1
2    The degree of care required varies with the harm which will be likely to
3    result from the danger.[96]   You may find gross negligence where the
4    defendants' failure to perform a legal duty is likely to have a fatal or a
5    very serious result.[97]   You are to look at the defendant's conduct as a
6    whole.[98]   You may consider combined failures to exercise due care in
7    different areas as the basis for a finding of gross negligence.[99]
8
9    If you determine that decedent's death was a result of the defendant's
10   gross negligence, then the statute allows you to ~~award~~ assign punitive
11   damages.   If you find the defendant grossly negligent, then you are not
12   to take into account the decedent's negligence, if any, in assessing
13   punitive damages.[100]
14
15   Compensatory damages and punitive damages, although generally
16   ~~awarded~~ allowed at the same time and by the same fact finder, serve
17   different purposes.[101]
18                                                          *Cont…*

---

96 *Lane v. Meserve*, 20 Mass.App.C5. 659, 664 (1985)

97 *Williamson-Green v. Equip. 4 Rent, Inc.*, 89Mass.App.Ct. 153, 160 (2016) (citing *McLaughlin v. Bernstein*, 356 Mass. 291, 222, 225 (1969)).

98 *Williamson-Green v. Equip. 4 Rent, Inc.*, 89Mass.App.Ct. at 153, 160 (2016) (citing *Renald v. New York N.H. & H.R. CO*, 210 Mass. 553, 560 (1912)).

99 *Williamson-Green v. Equip. 4 Rent, Inc.*, 89Mass.App.Ct. at 153, 160 (2016) (citing *Duval v. Duval*, 307 Mass. 524, 528 (1940)).

100 *Williamson-Green v. Equip. 4 Rent, Inc.*, 89Mass.App.Ct. at 157-65 .

101 *Aleo v. SLB Toys USA, Inc*, 466 Mass. 398, 411 (2013) (citing *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001)).

Page **82** of **86**

1

2   **The purposes of punitive damages include condemnation and**

3   **deterrence,**[102] **and a proper allowance of punitive damage** ~~award~~ **is one**

4   **that is "sufficient…to send a clear message to the defendants to condemn**

5   **its reprehensible behavior…"**[103]

6

7   **Punitive damages are to be** ~~awarded~~ **allowed in addition to the**

8   **compensatory damages on which I instructed you earlier.   Punitive**

9   **damages are** ~~awarded~~ **allowed to punish the defendants and deter future**

10  **wrongdoing, not to compensate particularly harmed individuals.**

11

12

13

14

15

16

17

18

19

20

21

22

23

---

102 *Aleo v. SLB Toys USA, Inc.* 466 Mass. 398, 412 (2013) (citing *Dartt v. Browning-Ferris Indus., Inc.,* 427 Mass. 1, 17 (1998)) (quoting *Bain v. City of Springfield,* 424 Mass. 758, 767 (1997)).

103 *Aleo v. SLB Toys USA, Inc.* 466 Mass. 398, 412 (2013) (citing *Clifton v. Mass. Bay Transp. Auth,* 445 Mass. 611, 624 (20050)) see Zabin & Connolly.   "The New Wrongful Death Act in Massachusetts Steps into the Twentieth Century" , 58 *Mass L.Q.* 345, 369 (1973-1974) ("punitive damages…are awarded…to punish the defendant and make an example of him")

PX~MIL~080

## PLAINTIFF REQUEST FOR JURY INSTRUCTION
## AGE OF THE CASE

This case arises from a crash that occurred on 24 August 2016.

Please don't infer anything about the case because it is several years old.

There are many reasons why a case can take so long to get to trial – none of those reasons were caused by either the parties.

In fact, this is not nearly the oldest case we have pending in this court, so please do not infer anything because of how long ago the crash happened.

PX~MIL~082