# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.17 CV  30174

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THOMAS FORBES, as he is the**
**Personal Representative of the**
**Estate of GEORGE J. FORBES,**
                    **PLAINTIFF**

**v.**

**GREGORY TRUCKING COMPANY,**
**INC., WILEY LENUE HOOKS, JR.,**
**GREGORY LEASING COMPANY, INC.**
**BSG LEASING, INC.;  and**
**B&C TIMBERS LLC.**
                    **DEFENDANTS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION IN LIMINE NO. 6
## ALLOW THE JURY TO SELECT ITS OWN FOREPERSON

George (Joe) Forbes was killed when his pick-up truck was struck by a tractor trailer truck which ran a red light.  The tractor trailer truck was owned by Gregory Trucking Co. Inc., (Gregory) and operated by Gregory's employee - Wiley Lenue Hooks, Jr. (Hooks).   It is alleged Gregory negligently hired Hooks who had a pending criminal charge for driving while impaired (his 5th) when Gregory hired Hooks; and that Gregory was negligent in training and supervising Hooks, as well as negligently entrusting the driver with a tractor trailer truck.

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.
C.A. No. 3:17 – CV 30174-MAP

PX~MIL~183

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

1   Plaintiff, through counsel, seeks an order from the court allowing the jury to

2   select its own foreperson.

3

4   Allowing the jury to choose its own foreperson has support at the national

5   level (see ABA Principles for Juries and Jury Trials, Principle 14.D (2005).

6   (attached)

7

8   Rather than selecting a foreperson, the Judge may allow the jury to select its

9   own foreperson (with the consent of the parties) at the end of the trial.  While

10  it may be error for the Judge to allow the jury to pick its own foreperson over

11  the objection of a party (G.L. c. 234A, §68A), it is not reversible error unless

12  the objecting party also shows prejudice.  *Commonwealth v. Campbell,* 394

13  Mass. 77, 83-84 (1985) (Attached).

14

15  Allowing the jury to select its foreperson tends to avoid the appointment of

16  a juror who either:

17      1.  Does not interact well with his fellow jurors;
18      2.  Does not exhibit or exercise leadership qualities; or
19      3.  Does not possess organizational skills.
20

21

22

PX~MIL~184

1    The Flaschner Judicail Institute's Massachusetts Jury Trial Benchbook

2    states:

3         A number of judges have reported fewer difficulties with jury
4         deliberations in cases where they have allowed the jury to select its
5         own foreperson as a first order of business upon retiring to begin its
6         deliberations. Massachusetts Jury Trial Benchbook, Second Edition
7         at 114. (attached)
8

9    Additionally, a juror chosen by the Judge could be viewed by the other jurors

10   as having superior abilities and could put a plaintiff or civil or criminal

11   defendant at an advantage of disadvantage. Additionally, a Judge could make

12   his/her choice by exercising unconscious bias.

13

14   Certainly, the jurors in the room – who have spent some time together – are

15   the ones in the best position to elect someone to lead them.  This, embodies

16   the civic and democratic process of jury duty allowing the jurors to

17   participate in their own little mini-election.  This is a simple and easy prelude

18   to its duty in deciding the case.

19

20   Of course, in allowing the jury to select its own foreperson, the possibility

21   of a divisive debate over selection of the foreperson at the very outset of

22   deliberations exits;  however, the Judge can instruct the jurors  that if it

23   cannot quickly and easily select a foreperson, it should notify the court, who

will make the appointment so as to delay and avoid discord.

**WHEREFORE**, Plaintiff asks the court to allow the jury to select its own foreperson.

**Dated:**

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES

By: _/s/ Dino M. Tangredi_

**Dino M. Tangredi**
**BBO No. 567928**
**The Miles Pratt House**
**106 Mount Auburn Street**
**Watertown, MA. 02472**
**T:    617-926-0012**
**F:    617.926.0016**
**masslaw@dinotangredi.com**

DMT/mlt
70103/LIMINE-6-FOREPERSON

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.
C.A. No. 3:17 – CV 30174-MAP

Page 4

PX~MIL~186

# American Bar Association



**Defending Liberty
Pursuing Justice**

# Principles for Juries and Jury Trials

## American Jury Project

Patricia Lee Refo, Chair

### Co-Chairs

Hon. Catherine Anderson, Chair, ABA Criminal Justice Section
Hon. Louraine Arkfeld, Chair, ABA Judicial Division
Dennis Drasco, Chair, ABA Section of Litigation

Stephan Landsman, Reporter

### Members

David Biderman, Pat Brady, Dorothy Brown, Paul Butler, Hon. Charles
Clevert, Hon. William Caprathe, Neil Cohen, Mark Curriden, Hon. Michael
Dann, Shari Diamond, Neil Ellis, Ken Frazier, Terry MacCarthy, Hon. Greg
Mize, Tom Munsterman, Carlos Singh,
Dwight Smith

1

## PREAMBLE

The American jury is a living institution that has played a crucial part in our democracy for more than two hundred years. The American Bar Association recognizes the legal community's ongoing need to refine and improve jury practice so that the right to jury trial is preserved and juror participation enhanced. What follows is a set of 19 principles that define our fundamental aspirations for the management of the jury system. Each principle is designed to express the best of current-day jury practice in light of existing legal and practical constraints. It is anticipated that over the course of the next decade jury practice will improve so that the principles set forth will have to be updated in a manner that will draw them ever closer to the principles to which we aspire.

2.     At the outset of the case, the court should instruct the jury on the relationship between the court, the parties and the jury, ensuring that the jury understands that the parties are permitted to communicate with jurors only in open court with the opposing parties present.

3.     All communications between the judge and members of the jury panel from the time of reporting to the courtroom for juror selection examination until dismissal should be in writing or on the record in open court.  Each party should be informed of such communications and given the opportunity to be heard.

F.     Jurors in civil cases may be instructed that they will be permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence.

G.     Parties and courts should be open to a variety of trial techniques to enhance juror comprehension of the issues including:  alteration of the sequencing of expert witness testimony, mini- or interim openings and closings, and the use of computer simulations, deposition summaries and other aids.

H.     In civil cases the court should seek a single, unitary trial of all issues in dispute before the same jury, unless bifurcation or severance of issues or parties is required by law or is necessary to prevent unfairness or prejudice.

I.     Consistent with applicable rules of evidence and procedure, courts should encourage the presentation of live testimony.

J.     The court may empanel two or more juries for cases involving multiple parties, defendants, or claims arising out of the same transaction or cause of action, in order to reduce the number and complexity of issues that any one jury must decide.  Dual juries also may be used in order to promote judicial economy by presenting otherwise duplicative evidence in a single trial.

## JURY DELIBERATIONS

### PRINCIPLE 14 –THE COURT SHOULD INSTRUCT THE JURY IN PLAIN AND UNDERSTANDABLE LANGUAGE REGARDING THE APPLICABLE LAW AND THE CONDUCT OF DELIBERATIONS

A.  All instructions to the jury should be in plain and understandable language.

B.  Jurors should be instructed with respect to the applicable law before or after the parties' final argument. Each juror should be provided with a written copy of instructions for use while the jury is being instructed and during deliberations.

C.  Instructions for reporting the results of deliberations should be given following final argument in all cases. At that time, the court should also provide the jury with appropriate suggestions regarding the process of selecting a presiding juror and the conduct of its deliberations.

D.  The jurors alone should select the foreperson and determine how to conduct jury deliberations.

## PRINCIPLE 15 – COURTS AND PARTIES HAVE A DUTY TO FACILITATE EFFECTIVE AND IMPARTIAL DELIBERATIONS

A.  In civil cases of appropriate complexity, and after consultation with the parties, the court should consider the desirability of a special verdict form tailored to the issues in the case. If the parties cannot agree on a special verdict form, each party should be afforded the opportunity to propose a form and to comment upon any proposal submitted by another party or fashioned by the court. The court should consider furnishing each juror with a copy of the verdict form when the jury is instructed and explaining the form as necessary.

B.  Exhibits admitted into evidence should ordinarily be provided to the jury for use during deliberations. Jurors should be provided an exhibit index to facilitate their review and consideration of documentary evidence.

C.  Jury deliberations should take place under conditions and pursuant to procedures that are designed to ensure impartiality and to enhance rational decision-making.

1.  The court should instruct the jury on the appropriate method for asking questions during deliberations and reporting the results of its deliberations.

# MASSACHUSETTS JURY TRIAL BENCHBOOK

## THIRD EDITION

*Current Through August 2016*

### Hon. Peter M. Lauriat
*Massachusetts Superior Court*

### Hon. Douglas H. Wilkins
*Massachusetts Superior Court*

### Wayne E. Hartwell, Esq.
*Social Law Library*
*Editor*



**Flaschner**
Judicial Institute

**Affiliated with the Social Law Library**
**Major funding by the Massachusetts Bar Foundation**

PX~MIL~192

**3.1.2.2    *Varying the Number of Jurors with Consent***

Under Mass. R. Civ. P. 48, the parties may stipulate that the jury shall consist of any number less than twelve, or less than six in the District Court. The judge may want to raise this possibility sua sponte where the number of jurors in the jury pool is likely insufficient to meet all demands for jurors, or in a case of short duration, because the resulting reduction in voir dire time may allow completion of the entire trial in a day or two. Often the parties will agree when asked to a jury of fewer than twelve for a short trial in the Superior Court (especially a simple motor vehicle accident case, premises liability case, or subrogation claim) but will rarely volunteer to do so.

In jury-of-six criminal cases, there must be a minimum of six jurors unless the defendant waives his or her constitutional right to that number of jurors. *Williams v. Florida*, 399 U.S.78 (1979); Mass. R. Crim. P. 19(b). The waiver must, under the rule, be in writing, but it is advisable for the judge also to conduct a colloquy with the defendant to determine whether the waiver is knowingly and intelligently made. A jury of five, with written consent of the defendant, satisfies constitutional requirements. *Commonwealth v. Nicoll*, 452 Mass. 816 (2008). The defendant does not have a right to have more than six empanelled jurors in such cases.

After the repeal of G.L. c. 234, § 34B, in jury-of-twelve cases the trial may no longer proceed with less than twelve jurors without the consent of the parties, even if there are at least ten jurors remaining.

In a civil case, the parties can agree to allow more than twelve jurors to deliberate. G.L. c. 234A, § 26B. There is no obligation to empanel more than twelve jurors in a civil case if the parties do not agree. It may be wise to address this issue before empanelment so that expectations are clear. This would include securing the parties' agreement to proceed with as few as ten jurors in a civil case in the event that jurors are excused during trial.

**3.1.3    Methods of Selecting a Foreperson**

Note that although G.L. c. 234A, § 68A directs the court to appoint a foreperson after the jury is sworn, to ensure a completely random drawing most judges defer that appointment, or even the jury's selection of a foreperson, until after the names of the alternate jurors have been drawn at the end of the trial.

There are at least three ways to select a foreperson, each with its own advantages and disadvantages:

–   *Always selecting the juror in a particular seat in the jury box (e.g., seat 1 or 7), either at the start or end of the trial.* As stated by a fictional judge who uses this method in a novel by a real judge, "That way I'm sure my own biases don't taint the process." Michael A. Ponsor, *The Hanging Judge* 231

(2013). The downside is that the selected juror may not have the requisite skills, or may be less than fully attentive to the evidence, or may balk at his or her selection.

– *Selection by the judge, at the start or end of the trial, of the juror who appears best able to perform the task of foreperson.* While this increases the likelihood that the juror possesses the necessary skills, it potentially allows any unconscious bias of the judge or the perception of bias to enter the process. Also, the judge might not assess the juror's abilities correctly given the limited information available from reviewing the juror's questionnaire, any sidebar examination, and the juror's apparent abilities based on observation during trial. The judge's observation of the potential foreperson during the trial, prior to his or her appointment, may also be helpful.

– *Allowing the jury to select its own foreperson (with consent of the parties) at the end of the trial.* While it may be error for the judge to appoint the foreperson over the objection of a party (G.L. c. 234A, § 68A), it is not reversible error unless the objecting party also shows prejudice. *See Commonwealth v. Campbell,* 394 Mass. 77, 83–84 (1985), citing G.L. c. 234, § 32 (now G.L. c. 234A, § 74) (Where the defendant objected, "the judge should have appointed the foreperson of the jury, rather than allowing the jury to elect a foreperson." but no irregularity in empanelment shall suffice to set aside a verdict unless the objecting party has been shown to have been injured.). This method may empower the jury to select the best candidate, based on their familiarity with each other, and holds the prospect of a qualified foreperson who has the confidence of at least a majority of the jury. The possibility of a divisive debate over selection of the foreperson at the very outset of deliberations exists. The judge may want to instruct the jury that if it cannot quickly and easily select a foreperson, it should notify the court, which will then make the appointment so as to avoid delay and discord.

Because judges appoint the foreperson at different times, similar discussions of ways to select a foreperson appear in § 4.4.1, Appointment of a Foreperson, and § 5.8.1, Choosing a Foreperson, *infra.*

## 3.1.4    Methods of Jury Selection

Whatever method of jury selection the judge uses in a particular case, it is appropriate for the judge to explain the selection process to the jury before and as the selection process proceeds. In addition, the judge should explain to the venire that no juror should feel upset or offended if he or she is excused from the jury panel during the peremptory challenge stage. Advising the venire that, under Massachusetts law, both parties have a right to ask that up to a