# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.17 CV  30174

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THOMAS FORBES, as he is the**
**Personal Representative of the**
**Estate of GEORGE J. FORBES,**
PLAINTIFF

v.

**GREGORY TRUCKING COMPANY,**
**INC., WILEY LENUE HOOKS, JR.,**
**GREGORY LEASING COMPANY, INC.**
**BSG LEASING, INC.;  and**
**B&C TIMBERS LLC.**
DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION IN LIMINE NO. 7
## JURY INSTRUCTION REGARDING CAUSATION

George (Joe) Forbes was killed when his pick-up truck was struck by a tractor trailer truck which ran a red light.  The tractor trailer truck was owned by Gregory Trucking Co. Inc., (Gregory) and operated by Gregory's employee - Wiley Lenue Hooks, Jr. (Hooks).  It is alleged Gregory negligently hired Hooks who had a pending criminal charge for driving while impaired (his 5th) when Gregory hired Hooks; and that Gregory was negligent in training and supervising Hooks, as well as negligently entrusting the driver with a tractor trailer truck.

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

## INTRODUCTION

This memorandum is addressed to the issue of causation; a fundamental question in the instant case.  Plaintiff advocates for a jury instruction based upon the analysis contained in the Restatement (Third) of Torts.

The request is borne of serious academic debate.  See Weigand, Tory, *Duty Causation and Palsgraf, Massachusetts and the Third Restatement of Torts,* 96 Mass. L.Rev. 965 (2015).

> The sections governing causation under the third Restatement are Sections 26 through 29.  The Third Restatement's causation formulation is notable in that it drops completely the proximate cause and substantial contributing factor or cause terminology, prevalent in the Second Restatement.  Causation is essentially two-fold – factual causation (sections 26 through 28) and harm within the scope of liability (section 29*). Id.*

The Third Restatement of Torts recognized that the use of the word "substantial" should be banned.  This is especially so in a joint causation case.  Jurors are entitled to find that more than one party is the proximate cause of a harm and loss, even though the gravity of each tortfeasor's contribution is disparate.  Use of the word "substantial" could lead a jury to erroneously believe that the separate tortfeasor's roles must be identical or similar.

PX~MIL~196

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

1   This is not the law.  The so-called one percent rule is alive and well in
2   Massachusetts.  See *Graci v. Damon*, 6 Mass. App. Ct. 68 (1978).  See
3   generally.    Glannon, Joseph, "*Liability Of Multiple Tortfeasors In*
4   *Massachusetts: The Related Doctrines of Joint And Several Liability,*
5   *Comparative Negligence And Contribution*," 85 Mass. L. Rev. 50.
6
7   These concepts are not novel.  Plaintiff will demonstrate below that the
8   change in language is well supported by traditional Massachusetts
9   jurisprudence.  The principles set forth in the Restatement (Third) of Torts
10  are not novel.    Rather, the Third Restatement sets forth a more
11  comprehensive exposition of the jurisprudence that led to the use of
12  "substantial", as well as why that particular term is confounding and
13  improperly imposes a heightened burden of proof on plaintiffs.
14
15
16  **STATEMENT OF THE CASE**
17  In this action alleging that multiple defendants engaged in multiple acts of
18  negligence combining to harm the plaintiffs in a manner that would not have
19  occurred absent the defendants' tortuous conduct, the plaintiff has submitted
20  a proposed jury instruction concerning legal/proximate causation, a
21  complete copy of which is annexed as **Exhibit A.**  The operative language
22  reads:
23
24          If you decide that the defendants were negligent, you must then
25          consider whether the defendants' negligent conduct caused the
26          plaintiffs' harms and losses.
27
28          The plaintiffs are not required to prove that the defendants'

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

conduct was the only or even the predominant cause of their harms and losses. There often are many facts and things, or the conduct of two or more persons, that operate at the same time, or even at different times, either independently or together, to cause harms and losses. In such a case, the negligent conduct of each Defendant may be a legal or proximate cause of the plaintiffs' harms and losses. It does not matter whether other concurrent causes may have contributed to the plaintiffs' harms and losses, nor does the law require that a particular cause be the last in time or even the most important to be a legal cause of an injury. The plaintiffs are not required to show the exact cause of their injuries or to exclude all possibility that they resulted without fault on the part of the defendants. In other words, you may still find the defendants' negligence was a cause of the plaintiffs harms and losses even if other possible causes exist.

It is enough if the plaintiffs show that there was a greater likelihood that the defendants negligence was, along with other factors, more than a significant factor in causing the plaintiffs' harms and losses.

Furthermore, to establish causation, the plaintiffs must show that the harm was reasonably foreseeable to a person in the defendants' position at the time of the defendants' negligence. The plaintiffs do not have to establish that the defendants foresaw, or should have foreseen, the exact manner in which the harm occurred; but they must show that the harms and losses were a reasonably foreseeable consequence of the defendants' negligence.

The court should so instruct the jury.

## ARGUMENT

### 1. Proper Instructions Must be Clear

The primary purpose of jury instructions is to assist the jury discharge its

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

1 responsibility to find facts and apply rules of law to the facts it finds in order

2 to render a proper verdict. *Pfeiffer v. Salas*, 360 Mass. 93, 100 (1971). "The

3 instructions should be full, fair and clear as to the issues to be decided by the

4 jury, the rules to be followed by the jury in deciding the facts and the law

5 they are to apply to the facts found." *Id.* Confusing instructions fail that

6 purpose and warrant reversal. *Horowitz v. Bokron*, 337 Mass. 739, 746

7 (1958) (internal citations omitted) (reversing the judgment where "[t]he jury

8 should have been instructed more 'clearly, adequately and correctly

9 concerning principles that ought to guide and control their action'"); *Pfeiffer*,

10 360 Mass. at 101 (granting new trial where instructions were not clear and

11 appeared to misstate rule of law). "Sufficient instructions" must be given as

12 to the essential issues in the case. *Thompson v. Sides*, 375 Mass. 568, 570-

13 71 (1931). Although the trial judge need not submit a party's proposed

14 instruction to the jury, the failure to do so will constitute reversible error

15 where the instruction is substantially correct, it's not substantially covered

16 in the charge actually given to the jury, and concerns "an important point in

17 the trial so that the failure to give it seriously impar[s]" the party's ability to

18 effectively present her case. *Commonwealth v. Adams*, 34 Mass. App. Ct.

19 516, 519, further app. Rev. denied, 415 Mass. 1104 (1993).

20

21

22 **2.  Plaintiff's Proposed Instruction Properly States Massachusetts**
23 **Law**

24

25 Each portion of the plaintiff's proposed instruction correctly states

26 governing law.  Much of the plaintiff's proposed instruction paraphrases

27 Justice Lynch's Superior Court instruction which was endorsed by the

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

1   Supreme Judicial Court in <u>O'Connor v. Raymark Industries, Inc.,</u> 401 Mass.

2   586, 588-89, 591-92 (1988).  The plaintiffs suggest the more specific term

3   "harms and losses" for "damages".  <u>Scott v. Boston Housing Auth,</u> 56 Mass.

4   App. Ct. 287, 294 (2002).

5

6   The propositions stated in the first three sentences[1] and last two sentences[2]

7   of the second paragraph also are derived from <u>O'Connor,</u> 401 Mass. 15 589,

8   591-92 (endorsing instruction).  Other support for those propositions can be

9   found in <u>Michnick-Zilberman v. Gordon's Liquor, Inc.,</u> 490 Mass. 6, 14

10  (1983), <u>Zezuski v. Jenny Mfg. Co.,</u> 363 Mass. 324, 328-29 (1973, <u>Tritsch v.</u>

11  <u>Boston Edison Co.,</u> 363 Mass. 179, 181-182 (1783), <u>Woronka v. Sewall,</u> 320

12  Mass. 362, 365 (1946), <u>Or v. Edwards,</u> 62 Mass. App. Ct. 475, 485-88 (2004,

13  and <u>Mastably v. Central Hosp., Inc.,</u> 34 Mass. App. Ct. 942, 942 n.3

14  (1993)(rescript).  The fourth sentence is almost a direct quote from <u>Wess v.</u>

15  <u>Butterworth,</u> 89 Mass. App. Ct. 1129, 2016 Mass. App. Unpubl. LEXIS 652

16  at *5 (2016) (Rule 1:28 Decision).  <i>See also</i> Restatement (Third) Torts § 26,

17  Reporters' Note to cmt. C at 362 ("no necessary chronological relationship")

18  and <i>id.,</i> Reporters' Note to cmt. J at 370 ("there are no degrees of factual

19  cause[;]"  "While there may be different degrees of liability or fault, specific

20  conduct is either a cause in fact or it is not [,]" <u><i>quoting Waste Mgmt., Inc. v.</i></u>

21  <u>S. Cent. Bell Tel. Co.,</u> 15 S.W.3d 425, 433 (Tenn. Ct. App. 1997)).

---

[1] "The plaintiffs are not required to prove that a defendants' conduct was the only or even the predominant cause of their harms and losses.  There often are man facts and things, or the conduct of two or more persons, that operate at the same time, or even at different times, either independently or together, to cause harms and losses.  In such a case, the negligent conduct of each Defendant may be a legal or proximate cause of the plaintiffs harms and losses."

[2] The plaintiffs are not required to show the exact cause of their injuries or to exclude all possibility that they resulted without fault on the part of the defendants.  In other words, you may still find the defendants' negligence was a cause of the plaintiffs' harms and losses even if other possible causes exist.

The third paragraph also is derived from <u>O'Connor</u>, 401 Mass. at 589, 591-92 (endorsing instruction).  Support for those propositions can also be found in <u>Wess</u>, 2016 Mass. App. Unpub. LEXIS 652 at *6 ("not an insignificant fact").

The foreseeability language in the last paragraph finds support in <u>Leavitt v. Brockton Hosp., Inc.</u>, 454 Mass. 37, 45, 45 n. 19 (applying Restatement (Third) Torts § 29 (2010)), 45 n. 20 (same) (2009).  <u>See also</u> <u>Sharpe v. Peter Pan Bus Lines, Inc.</u>, 401 Mass. 788, 794 n. 8 (1988); <u>Hill v. Winsor</u>, 118 Mass. 251, 259 (1875); <u>Or</u>, 62 mass. App. Ct. at 484 n. 13, 485-88.

### 3. "Substantial Contributing Cause/Factor" Language is Neither Clear Nor Necessary

The most distinctive aspect of the plaintiffs' proposed instruction is its declination to use the phrases "substantial contributing cause" and "substantial contributing factor".  Those phrases have been criticized for their imprecision and misuse and as "confusing".  Restatement (Third) Torts[3], §26, cmt. J, and Reporters' Notes to cmt. J.  Although primarily designed "to permit the factfinder to decide that factual cause existed when there were multiple sufficient causes-each of two separate causal chains sufficient to bring about the plaintiffs' harm, thereby rendering neither a but-

---

[3] The Third Restatement rejects the term "proximate cause" as confusing because it refers, often indistinguishably, to cause-in-fact, legal/proximate cause or both.  Restatement (Third) Torts §26, Reporters' Notes to cmt. A at 357 (noting further that "'proximate cause' is neither about cause nor proximity, as those two words are commonly understood".).  The Supreme Judicial Court has noted the Third Restatement's replacement of "proximate cause" and indicated an intent to consider replacing the term when the issue is adequately presented.  <u>Leavitt</u>, 454 Mass. at 45 n. 16, 45 n. 19; <u>Commonwealth v. Carlson</u> 447 Mass. 79, 73 n.5 (2006)

1  for-cause[,] *id.* At 353, "[r]ecognition that a factual cause does not have to

2  be the sole cause of harm, see Comment *c,* obviates any need for substantial

3  factor as a test for causation...the key appreciation is that any cause need

4  only be one of many, whether one uses but-for or substantial-factor language,

5  and *the latter may lead a jury erroneously to believe that it must search for*

6  *a single or most significant factor." Id.* At 370 (emphasis added).

7

8  The Supreme Judicial Court has recognized that defendants often request

9  "substantial contributing factor" language because it "arguably impose[s] a

10  heightened burden of proof on the plaintiff." *Matsuyama v. Birnbaum,* 452

11  Mass. 1, 12 (2008). The term is intended to distinguish between a factor

12  (one of many suffices) of "legal significance" (of substance) as distinct from

13  "negligible," "tangential" and non-contributory factors. *O'Connor,* 401

14  Mass. at 529; *Wess,* 2016 Mass.App. Unpubl. LEXIS 652 at *6 ("not an

15  insignificant factor"). However, it does not require a "factual quantum."

16  *O'Connor,* 401 Mass. at 592, *quoting* W.L. Prosser & W.P. Keeton, TORTS

17  §41, at 267-268 & nn. 31-41 (5th ed. 1984).

18

19  Nevertheless, the definitions of "substantial" include "[c]onsiderable; large"

20  and "plentiful". WEBSTER'S COLEGIATE DICTIONARY 993 (5th ed.

21  1948). The terms must be explained to the jury, often "somewhat

22  inartful[ly]," *Matsuyama,* 452 Mass. at 12, and must be "[u]nderstood in [a]

23  particular] way" *O'Connor,* 401 Mass. at 592, to correctly state the law,

24  rather than misleading the jury into distinguishing between causative factors

25  in an effort to find *the* "substantial" one. *Hannon v. Calleva,* 87

26  Mass.App.Ct. 1135, 2015 Mass.App.Unpub. LEXIS 746 at *4 n.4 (2015)

27  (Rule 1:28 Decision), *quoting* Restatement (Third) Torts § 26, Reporters'

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.
C.A. No. 3:17 – CV 30174-MAP

Note to cmt. J, at 367. *See also Mastaby,* 34 Mass.App.Ct. at 943 (rescript) (recognizing that if not properly explained, term "might have injected a misleading element of quantification into the idea of causation"), and Restatement (Third) Torts §26, Reporters' Note to cmt c at 361 ("this natural tendency to limit factual causes to the most responsible cause is, no doubt, the explanation for the excessive attention paid to intervening and superseding causes.").

The plaintiffs' proposed instruction follows the Third Restatement's suggestion that "substantial contributing factor" language be avoided generally. Restatement (Third) Torts, §25, Reporters' Notes to cmt. J; *Hannon,* 2015 Mass.App. Unpub. LEXIS 746 at *4 n.4, *quoting id.* Massachusetts appellate courts have been receptive to using the revised terminology of the Third Restatement of Torts. *Rafferty v. Merck* & Co., 479 Mass. 141, 149-150 (2018), *quoting* Restatement (Third) Torts §7 concerning duty of care; *Leavitt,* 454 Mass. 37 (discussing duty and proximate cause as conceptualized in Third Restatement §§7, 29, 32, 41); *Commerce Ins. Co. v. Ultimate Livery Service, Inc.,* 452 Mass. 639, 649 n.11 (2008) (discussing "special relationships" in Restatement (Third) Torts §40); *Matsuyama,* 452 Mass. at 12 (discussing proximate cause and substantial contributing factor test in context of Third Restatement); *Commonwealth v. Carlson,* 447 Mass. at 83 n.5 (discussing proximate cause as reconceptualized in Third Restatement); *Commonwealth v. Buckley,* 90 Mass.App.Ct. 177, 183 (2016) (discussing scope of intentional tort liability in Third Restatement); *Hannon,* 2015 Mass.App. Unpub. LEXIS 476 at *3-*6 (discussing proximate cause as conceptualized in Third Restatement); *Or,* 62 Mass.App.Ct. at 486-88 (discussing proximate cause as reformulated in

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

Third Restatement).  In particular, *Or*, 62 Mass.App.Ct at 485-88 used both current terminology and the revised Third Restatement terms to show that the same results would be achieved by "shed{ding} confusing terminology often found in discussions of 'proximate cause'".

## CONCLUSION

For all of the above reasons, the plaintiff respectfully request this Court to give his proposed instruction to the jury.

**Dated:**


THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES

By: */s/ Dino M. Tangredi*

**Dino M. Tangredi**
**BBO No. 567928**
**The Miles Pratt House**
**106 Mount Auburn Street**
**Watertown, MA. 02472**
**T:     617-926-0012**
**F:     617.926.0016**
**masslaw@dinotangredi.com**

DMT/mlt
70103/LIMINE-7-JURY-INSTR-CAUSATION

Page 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.17 CV  30174

**********************************

**THOMAS FORBES, as he is the**
**Personal Representative of the**
**Estate of GEORGE J. FORBES,**
**PLAINTIFF**

**v.**

**GREGORY TRUCKING COMPANY,**
**INC., WILEY LENUE HOOKS, JR.,**
**GREGORY LEASING COMPANY, INC.**
**BSG LEASING, INC.;  and**
**B&C TIMBERS LLC.**
**DEFENDANTS**

***************************************

# EXHIBIT  A

# PROPOSED JURY INSTRUCTION
# REGARDING CAUSATION

Page 1

PX~MIL~205

1
2    ## REQUEST VIII-1
3
4    ## CAUSATION- GENERALLY
5
6
7    If you decide that the defendants were negligent, you must then consider
8    whether the defendants' negligent conduct caused the plaintiffs' harms
9    and losses.
10
11   The plaintiffs are not required to prove that the defendants' conduct
12   was the only or even the predominant cause of their harms and losses.
13   There often are many facts and things, or the conduct of two or more
14   persons, that operate at the same time, or even at different times, either
15   independently or together, to cause harms and losses.  In such a case,
16   the negligent conduct of each Defendant may be a legal or proximate
17   cause of the plaintiffs' harms and losses.  It does not matter whether
18   other concurrent causes may have contributed to the plaintiffs' harms
19   and losses, nor does the law require that a particular cause be the last in
20   time or even the most important to be a legal cause of an injury.  The
21   plaintiffs are not required to show the exact cause of their injuries or to
22   exclude all possibility that they resulted without fault on the part of the
23   defendants.   In other words, you may still find the defendants'
24   negligence was a cause of the plaintiffs harms and losses even if other
25   possible causes exist.
26                                                  *Cont…*
27
28

PX~MIL~206

1

2    It is enough if the plaintiff shows that there was a greater likelihood that

3    the defendants negligence was, along with other factors, more than a

4    significant factor in causing the plaintiffs' harms and losses.

5

6

7    Furthermore, to establish causation, the plaintiff must show that the

8    harm was reasonably foreseeable to a person in the defendants' position

9    at the time of the defendants' negligence.   The plaintiff does not have

10   to establish that the defendants foresaw, or should have foreseen, the

11   exact manner in which the harm occurred; but he must show that the

12   harms and losses were a reasonably foreseeable consequence of the

13   defendants' negligence.49

---

49   Restatement (Third) Torts

     _O'Connor v. Raymark Industries, Inc._, 401 Mass. 586, 588-89, 591-92 (1988) ( for the
     proposition stated in the first three sentences and last two sentences of the second paragraph.);
     Other support for those propositions can be found in _Michnick-Zilberman v. Gordon's Liquor,
     Inc._, 490 Mass. 6, 14 (1983), _Zezuski v. Jenny Mfg. Co._, 363 Mass. 324, 328-29 (1973, _Tritsch v.
     Boston Edison Co._, 363 Mass. 179, 181-182 (1783), _Woronka v. Sewall_, 320 Mass. 362, 365
     (1946), _Or v. Edwards_, 62 Mass. App. Ct. 475, 485-88 (2004, and _Mastably v. Central Hosp., Inc._,
     34 Mass. App. Ct. 942, 942 n.3 (1993)(rescript).   The fourth sentence is almost a direct quote
     from _Wess v. Butterworth_, 89 Mass. App. Ct. 1129, 2016 Mass. App. Unpubl. LEXIS 652 at *5
     (2016) (Rule 1:28 Decision).   _See also_ Restatement (Third) Torts § 26, Reporters' Note to cmt.
     C at 362 ("no necessary chronological relationship") and _id._, Reporters' Note to cmt. J at 370
     ("there are no degrees of factual cause[:]"   "While there may be different degrees of liability or
     fault, specific conduct is either a cause in fact or it is not [,]" _quoting Waste Mgmt., Inc.   v. S.
     Cent. Bell Tel. Co._, 15 S.W.3d 425, 433 (Tenn. Ct. App. 1997)).

Page 42 of 84

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

---

The third paragraph also is derived from *O'Connor,* 401 Mass. at 589, 591-92 (endorsing instruction). Support for those propositions can also be found in *Wess,* 2016 Mass. App. Unpub. LEXIS 652 at *6 ("not an insignificant fact").

The foreseeability language in the last paragraph finds support in *Leavitt v. Brockton Hosp., Inc.,* 454 Mass. 37, 45, 45 n. 19 (applying Restatement (Third) Torts § 29 (2010)), 45 n. 20 (same) (2009).  *See also Sharpe v. Peter Pan Bus Lines, Inc.,* 401 Mass. 788, 794 n. 8 (1988); *Hill v. Winsor,* 118 Mass. 251, 259 (1875); *Or,* 62 Mass. App. Ct. at 484 n. 13, 485-88. *Scott v. Boston Housing Authority,* 56 Mass. App. Ct. 287, 294 (2002) ( re. the term "harms & losses");

Page **43** of **84**

PX~MIL~208