UNITED STATES DISTRICT COURT
IN THE WESTERN DIVISION OF MASSACHUSETTS
SPRINGFIELD, MA.

Civil Action No.17 CV 30174

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES,
          PLAINTIFF

v.

GREGORY TRUCKING COMPANY, INC., WILEY LENUE HOOKS, JR.,
GREGORY LEASING COMPANY, INC.
BSG LEASING, INC.; and
B&C TIMBERS LLC.
          DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION IN LIMINE NO. 9
## ADMISSION OF MEDICAL RECORDS AND BILLS

George (Joe) Forbes was killed when his pick-up truck was struck by a tractor trailer truck which ran a red light. The tractor trailer truck was owned by Gregory Trucking Co. Inc., (Gregory) and operated by Gregory's employee - Wiley Lenue Hooks, Jr. (Hooks). It is alleged Gregory negligently hired Hooks who had a pending criminal charge for driving while impaired (his 5th) when Gregory hired Hooks; and that Gregory was negligent in training and supervising Hooks, as well as negligently entrusting the driver with a tractor trailer truck.

1  M.G.L. c 233 § 79G governs the admissibility, after certain preconditions
2  have been met, of specified "hospital medical records, relating to medical,
3  dental, hospital services, prescriptions, or orthopedic appliances rendered to
4  or prescribed for a person injured, or any report of any examination of said
5  injured person." Such reports are admissible as evidence of the diagnosis,
6  prognosis, and opinions of a physician as to the proximate cause of the
7  condition so diagnosed. *Commonwealth v. Irene*, 462 Mass. 600, 611-12
8  (2012) See *Law v. Griffith*, 457 Mass. 349, 352 (2010).

10 The correlative Federal Rule is F.R.E. 803(6):

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or *diagnosis* if:
>
> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, *or by a certification that complies with Rule 902(11)*[1] or (12) or with a statute permitting certification; and

---

1. **FRE 902 (11) *Certified Domestic Records of a Regularly Conducted Activity.*** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.
C.A. No. 3:17 – CV 30174-MAP

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

(E) the opponent ~~neither~~ does not show that the source of information ~~nor~~ or the method or circumstances of preparation indicate a lack of trustworthiness.

Arguably, all hearsay exceptions are premised on a conclusion that the utility and reliability of certain kinds of hearsay outweigh the difficulties and burdens of obtaining the declarant's testimony. Although the federal rule is not specifically aimed at hospital records, it provides a hearsay exception for records kept in the course of any regularly conducted business activity, which would include publicly supported hospitals. The federal rule, therefore, is consistent with the state legislature's concern about the undue burden of requiring medical personnel in publicly supported hospitals to testify despite the availability and usual reliability of regularly kept records. *Ricciardi v. Children's Hosp. Medical Center*, 811 F.2d 18, 22 (1st Cir. 1987)

Moreover, M.G.L. c 233 § 79G is evidentiary in nature. The Supreme Judicial Court described it "in effect" as an exception to the hearsay rule that "allows admission of the substantive content of hospital records because of the presumption of reliability which attaches to statements relating to treatment and medical history in these records." *Bouchie v. Murray*, 376 Mass. 524, 527-28, 381 N.E.2d 1295, 1298 (1978). The federal rule does the

same thing. See 4 J. Weinstein & M. Berger, Weinstein's Evidence p 803(6), at 803-175 (1985); <u>Bouchie</u> (Supreme Judicial Court cited to federal cases and commentary concerning Rule 803(6) in construing the purpose of the state hospital records exception). The same result is reached under the business records exception in the Federal Rules. To be admissible under Rule 803(6), the entry in the record must be the opinion or diagnosis of the physician who made it or of some other "person with knowledge." <u>Ricciardi v. Children's Hosp. Medical Center</u>, 811 F.2d 18, 22 (1st Cir. 1987) (citing <u>Petrocelli v. Gallison</u>, 679 F.2d 286 (1st Cir.1982) (medical records inadmissible because the source of the information was unknown.)

As grounds therefore the Plaintiff states as follows:

1. each record is properly certified pursuant to F.R.E. 902 (11) and MGL c. 233 §79G;

2. counsel for the Plaintiff sent to counsel for each defendant the certified medical records and bills on 28 February 2018 and 7 January 2020 (via certified mail - enc.) with a request that any objections to same be made within ten (10) days so that counsel for the Plaintiff could issue subpoenas to the medical record keepers to assure their presence at trial;

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.
C.A. No. 3:17 – CV 30174-MAP

3. no objections having been received, the Plaintiff has not lined up the record keepers;

4. if counsel for the Plaintiff must subpoena the record keepers to court, counsel for the Plaintiff requests the defendant's be responsible for the costs associated with procuring forced attendance of the record keepers; and

**WHEREFORE**, Counsel for the Plaintiff asks the court pursuant to FRE 803(6) and MGL c 233 §79G to find the medical records authentic and allow the medical records and medical bills into evidence without requiring a keeper of the records to appear from each medical provider.

**Dated:**


THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES

By: */s/ Dino M. Tangredi*

**Dino M. Tangredi**
**BBO No. 567928**
**The Miles Pratt House**
**106 Mount Auburn Street**
**Watertown, MA. 02472**
**T:    617-926-0012**
**F:    617.926.0016**
masslaw@dinotangredi.com

**Dino M. Tangredi**
Attorney at Law

January 7, 2020

**BB&S**
Thomas P. Schuler, Esq.
LAW OFFICES OF STEVEN B. STEIN
P.O. Box 2903
Hartford, CT. 06104-2903

Tel:     413-730-6350            Certified Mail:7017 1450 0000 2885 9540
Fax:     888-275-7090
Email:   Tschuler@travelers.com

**Gregory Trucking et. al**
John P Knight, Esq.
Nicholas D. Meunier, Esq.
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA. 02210

Tel:     617-439-7500            Certified Mail:7017 2680 0000 6641 4745
Email:   jknight@morrisonmahoney.com

**B&C Timbers, LLC**
Jeff Meehan, Esq.
DOHERTY, WALLACE, PILLSBURY, MURPHY
1 Monarch Place  Suite 1900
Springfield, MA. 01144-1900

T:     413.733.3111              Certified Mail:7017 1450 0000 2885 9557
Fax:   413.734.3910
Email: ljmeehan@dwpm.com

**Case Name: Forbes v. Gregory Trucking Co., Inc., et. al.**
**Case NO.: 3:17-CV-30174-MAP**

Attorneys Schuler, Knight, Meunier and Meehan:

**Pursuant to L.R., D. Mass. 35.1(a)(1) attached find:**

1. Certified post crash medical records of George Forbes. These records are bate stamped "Med 1000-2436;"

2. Certified Medical records from Fairview Hospital concerning Patricia Forbes for 24 August 2016 to August 25, 2016. These records are bate stamped "Med 2437-2553;"

3. Certified Medical records of Patricia Forbes from Fairview Commons Nursing Home from 25 August 2016 to 30 September 2016 and bate stamped "Med 2554-2752;"

4. Certified medical bills of Patricia Forbes from the Fairview Commons Nursing Home from 25 August 2016 to 2 December 2019 bate stamped "BILLS 1048-1159".

5. Photographs of George Forbes bate stamped "PH1030-1036"

6. Certified College transcript of George Forbes from Northeastern University bate stamped "TRANSCR 1000-1002"

With regard to these medical records, bills and photos, it is our intention to introduce them at the trial of this matter as presently provided to you. If a written objection is made regarding the authenticity and/or admissibility of the enclosed records based

upon FRE 803, 902, or any other Federal Rule of Evidence or applicable statute within ten (10) business days, subpoenas shall be issued to the custodians of these records and we will notify the court that each and every such custodian will need to be called as a witness at the trial of this matter due to an objection as to the admissibility of these records. In addition, should judgement enter in favor of the Plaintiff, the Plaintiff will seek to impose the cost of service of same against the Defendant(s). Accordingly, please advise, in writing, within ten (10) days of any objections as to the authenticity of the enclosed records under the Federal Rules of Evidence as certified domestic record of a regularly conducted activity of an act, event, condition, opinion, treatment, or diagnosis for the purpose of admissibility at the trial of this matter. Of course, it is understood that any objections as to admissibility on grounds other than the authenticity of same as certified domestic record of a regularly conducted activity of an act, event, condition, opinion, treatment, or diagnosis under the Federal Rules of Evidence are reserved by the Defendant(s).

Kindest Regards,

Dino M. Tangredi

DMT/amm
70103 LR-35-2 itemization meds bills photos

Encs:  Cert Med Records Bate Stamped "MED 1000 – 2752"
       Cert Med Bills Bate Stamped "BILLS 1048-1159"
       Photos Bate Stamped "PH1034-1036
       Northeastern University Transcript Bate Stampe "TRANSCR 1000-1002

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Thomas P. Schuler, Esq.
    LAW OFFICES OF STEVEN B. STEIN
    P.O. Box 2903
    Hartford, CT. 06104-2903

9590 9402 4206 8121 9850 44

2. Article Number (Transfer from service label)

    7017 1450 0000 2885 9540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X Adam Mezzetti — ☐ Agent ☐ Addressee

B. Received by (Printed Name): Travelers Indemnity Co
C. Date of Delivery: JAN 10 2020

D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type:
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Jeff Meehan, Esq.
    DOHERTY, WALLACE, PILLSBURY, MURPHY
    1 Monarch Place Suite 1900
    Springfield, MA. 01144-1900

9590 9402 4206 8121 9850 37

2. Article Number (Transfer from service label)

    7017 1450 0000 2885 9557

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X [signature] — ☐ Agent ☐ Addressee

B. Received by (Printed Name): Sarah Mac
C. Date of Delivery: JAN -9 2020

D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type:
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

## Receipt 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    John P Knight, Esq.
    Nicholas D. Meunier, Esq.
    MORRISON MAHONEY LLP
    250 Summer Street
    Boston, MA. 02210

9590 9402 4206 8121 9850 20

2. Article Number (Transfer from service label)

    7017 2680 0000 6641 4745

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X [signature] — ☐ Agent ☐ Addressee

B. Received by (Printed Name): [BOSTON stamp]
C. Date of Delivery: JAN -9

D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type:
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

PX~MIL~221

28 February 2018

Thomas P. Schuler, Esq.
LAW OFFICES OF STEVEN B. STEIN
P.O. Box 2903
Hartford, CT 06104-2903

Tel: 413-730-6350
Fax: 888-275-7090
Email: Tschuler@travelers.com

John P Knight, Esq.
George R. White, Esq.
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

Tel: 617-439-7500
Email: jknight@morrisonmahoney.com
grwhite@morrisonmahone.com

**Case Name: Forbes v. Gregory Trucking Co., Inc., et. al.**
**Case NO.: 3:17-CV-30174-MAP**

Attorneys Schuler and Knight:

Pursuant to L.R., D. Mass. 35.1(a)(1) attached find an itemization of all medical expenses incurred - post crash - regarding the above matter accompanied by the certified bills from each provider. These bills are bate stamped "Bills 1000 - 1047."

Page 1 of 3

Kindest Regards,

Dino M. Tangredi

DMT/mlt

70103/all-attys-LR-35-1 itemization med$

Attachments via Drop Box:
- Cert Bills, Bate Stamped "BILLS 1000-1047"
- Cert Med Records, Bate Stamped "MED 1000 – 1301"
- Cert Prior Meds, Bate Stamped "PR MEDS 1000- 1096"

Px-MIL-214