Thomas Forbes as he is the Personal Representative of the Estate of George Forbes

v.

Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 – CV 30174-MAP

# UNITED STATES DISTRICT COURT
# IN THE WESTERN DIVISION OF MASSACHUSETTS
# SPRINGFIELD, MA.

Civil Action No.17 CV  30174

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THOMAS FORBES, as he is the**
**Personal Representative of the**
**Estate of GEORGE J. FORBES,**
                        **PLAINTIFF**
**v.**

**GREGORY TRUCKING COMPANY,**
**INC., WILEY LENUE HOOKS, JR.,**
**GREGORY LEASING COMPANY, INC.**
**BSG LEASING, INC.;  and**
**B&C TIMBERS LLC.**
                        **DEFENDANTS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


### <u>MOTION IN LIMINE NO. 10</u>
### <u>USE OF MULTIMEDIA PRESENTATION DURING PLAINTIFF'S</u>
### <u>OPENING STATEMENTAS A DEMONSTRATIVE AID</u>

George (Joe) Forbes was killed when his pick-up truck was struck by a tractor trailer truck which ran a red light.  The tractor trailer truck was owned by Gregory Trucking Co. Inc., (Gregory) and operated by Gregory's employee - Wiley Lenue Hooks, Jr. (Hooks).  It is alleged Gregory negligently hired Hooks who had a pending criminal charge for driving while impaired (his 5th) when Gregory hired Hooks; and that Gregory was negligent in training and supervising Hooks, as well as negligently entrusting the driver with a tractor trailer truck.

1  The plaintiff asks the court for permission to use an electronic presentation
2  in the opening statement as a demonstrative aid to assist the jury and save
3  time.
4
5  The Advisory Committee note to F.R.E 401 states: Evidence which is
6  essentially background in nature is universally offered and admitted as an
7  aid to understanding. Charts, photographs, views of real estate, murder
8  weapons, and many other items of evidence fall in this category.
9
10 As grounds therefore the Plaintiff states as follows:
11
12     1.  all images that will be used have been provided to all trial counsel
13         and are attached hereto;
14     2.  most images are expected to be admitted into evidence;
15     3.  it is clear that using multimedia presentations during opening
16         statements is effective. Studies have repeatedly shown that
17         combining a visual presentation with an oral presentation
18         enhances the listening and learning experience for the audience.[1]
19     4.  it allows members of the audience to remember more, keeps their
20         attention focused, and if done correctly, such presentations are
21         more persuasive than a traditional oration.[2]

Page 2

---

[1]  See Matt McCusker, Opening Statement? We've Got an App for That, DELIBERATIONS BLOG (June 29, 2010, 4:45 PM), http://jurylaw.typepad.com/deliberations/2010/06/opening-state ment-weve-got-an-app-for-that.html ("[I]nformation is retained at a remarkably higher rate when it is presented orally and visually (65% retention), rather than orally alone (10% retention) or visually alone (20% retention)." (citing Harold Weiss & J.B. McGrath, JR., TECHNICALLY SPEAKING: ORAL COMMUNICATION FOR ENGINEERS, SCIENTISTS AND TECHNICAL PERSONNEL (1963))).

[2]  See generally Richard K. Sherwin et al., Law in the Digital Age: How Visual

Thomas Forbes as he is the Personal Representative of the Estate of George Forbes
v.
Gregory Trucking Company, Inc. et. al.

C.A. No. 3:17 - CV 30174-MAP

5. as a general matter, courts have wide latitude in determining whether to allow a party to display evidence or digital media during opening statements. As explained by Steven Lubet, "Since the purpose of [an] opening statement is to explain what the evidence will show, you are entitled to read from or display documents and other exhibits that you expect to be admitted into evidence."[3]

6. this general rule is followed in the majority of federal and state jurisdictions.[4]

WHEREFORE, Counsel for the Plaintiff asks the court at its discretion to permit the Plaintiff to use a multimedia presentation during its opening statement.

---

[3] Communication Technologies Are Transforming the Practice, Theory and Teaching of Law, 12 B.U. J. Sci. & TECH. L. 227 (2006).

[3] STEVEN LUBET, MODERN TRIAL ADVOCACY: ANALYSIS AND PRACTICE 459 (3d ed. 2004). See also Quinn v. Consol. Freightways Corp., 283 F.3d 572, 576 (3d Cir. 2002); State v. Sucharew, 66 P.3d 59, 63 (Ariz. Ct. App. 2003); Billings v. State, 697 S.E.2d 595 (Ga. 2005); State v. Smith, No. 26829, 2006 Haw. LEXIS 26829, at *2 (Haw. Mar. 26, 2006); State v. Caenen, 19 P.3d 142, 157 (Kan. 2001); State v. Sibert, 169 S.E. 410, 411 (W. Va. 1933); James v. Heintz, 478 N.W.2d 31, 35 (Wis. Ct. App. 1991).

[4] See Spence v. S. Pine Elec. Coop., 643 So. 2d 970, 972 (Ala. 1994) (blow up of deposition in opening); Sucharew, 66 P.3d at 63 (photographic exhibits used during opening); Ark. State Highway Comm'n v. Basin Dev. Co., 571 S.W.2d 578, 579 (Ark. 1978) (permitting use of a map marked with locations of comparable sales during opening statement, which was subsequently referred to by an expert witness); People v. Wash, 861 P.2d 1107, 1125-26 (Cal. 1993) (photos of crime scene and crime victims); McGee v. State, 529 S.E.2d 366, 368 (Ga. 2007) (floor plan used during opening); People v. Trent, 734 N.E.2d 1, 9 (Ill. App. Ct. 2000) (photographs of deceased victim); Parker v. Commonwealth, 241 S.W.3d 805, 809 (Ky. 2007) (evidentiary materials can be used if the admissibility is determined before use); Campbell v. Menze Construction Co., 166 N.W.2d 624, 626 (Mich. Ct. App. 1968) (approving the use of a damages chart during opening); State v. Bjorklund, 604 N.W.2d 169, 203 (Neb. 2000) (use of summary charts); Heintz, 478 N.W.2d at 35 (allowing the use of not-yet-admitted pictures in opening statement); Stanfield v. Neblett, No. W 2009-01891-COA-R3-CV, 2010 WL 2875206 (Tenn. Ct. App. July 23, 2010).

Page 3

1

2

3

4

5  **Dated:**

6

7  THOMAS FORBES, as he is the
8  Personal Representative of the
9  Estate of GEORGE J. FORBES
10
11 By:  /s/ Dino M. Tangredi
12
13 **Dino M. Tangredi**
14 **BBO No. 567928**
15 **The Miles Pratt House**
16 **106 Mount Auburn Street**
17 **Watertown, MA. 02472**
18 **T:     617-926-0012**
19 **F:     617.926.0016**
20 **masslaw@dinotangredi.com**
21
22
23
24
25
26
27
28
29
30
31
32 DMT/mlt
33 70103/LIMINE-10-MULTIMEDIA-IN -OPENING



PX~MIL~229





PX~MIL~231

PX~MIL~232

**Dino Tangredi**

| | |
|---|---|
| **From:** | Dino Tangredi |
| **Sent:** | Saturday, June 5, 2021 5:51 PM |
| **To:** | Dino Tangredi |
| **Subject:** | Ggg |



The Law Offices of Dino Tangredi
The Miles Pratt House
106 Mount Auburn St.
Watertown, MA 02472
617-926-0012 (p)
618-926-0016 (f)

PX~MIL~234



PX~MIL~235



PX~MIL~236



PX~MIL~237



PX~MIL~238





PX~MIL~240

**Dino Tangredi**

| | |
|---|---|
| **From:** | Dino Tangredi |
| **Sent:** | Saturday, June 5, 2021 5:59 PM |
| **To:** | Dino Tangredi |
| **Subject:** | Ggg |





\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES,
PLAINTIFF

v.

GREGORY TRUCKING COMPANY,
INC., WILEY LENUE HOOKS, JR.,
GREGORY LEASING COMPANY, INC.
BSG LEASING, INC.; and
B&C TIMBERS LLC.
DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Dino Tangredi**

| | |
|---|---|
| **From:** | Dino Tangredi |
| **Sent:** | Saturday, June 5, 2021 5:48 PM |
| **To:** | Dino Tangredi |
| **Subject:** | Fff |

TRUCKING COMPANIES MUST USE QUALIFIED DRIVERS TO PREVENT CRASHES.





WILEY LENUE HOOKS, JR.'S DRIVING RECORD

| Date | Event |
|---|---|
| 5/3/80 | Driving While Impaired. |
| 5/19/90 | Driving While Impaired. |
| 7/22/90 | Driving While Impaired. |
| 7/13/91 | Driving w. Suspended License. |
| 1/31/03 | Refusing a Chemical Test. |
| 1/31/03 | Driving While Impaired. |
| 7/27/05 | Unsafe Operation. |
| 11/3/07 | Speeding in a Commercial M.V. |
| 6/1/08 | Driving with Revoked License. |
| 10/1/08 | Driving with Revoked License. |
| 12/21/11 | Accident in a Commercial M.V. |
| 7/27/13 | Accident in a Commercial M.V. |
| 7/27/13 | Driving While Impaired. |
| 7/27/13 | Reckless Driving to Endanger |
| 10/8/13 | Accident in a Commercial M.V. |
| 1/11/14 | Accident. |
| 1/11/14 | Citation: Erratic Lane change. |
| 4/18/14 | Failed Med. Exam for C.D.L. (+ for drugs). |
| July 2014 ➡ | HIRED BY GREGORY TRUCKING, CO. INC. |
| 3/18/15 | Accident in a Commercial M.V. |
| 3/18/15 | Failure to Reduce Speed. |
| 7/26/15 | Citation: Overweight in CMV. |
| 2/19/16 | C.D.L. Revoked. |
| 6/24/16 | Crash That Killed Joe Forbes. |

# TRUCKING COMPANIES MUST SUPERVISE THEIR DRIVERS TO PREVENT CRASHES.

The Law Offices of Dino Tangredi
The Miles Pratt House
106 Mount Auburn St.
Watertown, MA 02472
617-926-0012 (p)
618-926-0016 (f)

# QUALIFICATION CHECKLIST

Gregory Trucking is responsible to:

1. Maintain an accurate QUALIFCATION file.
   The following is required for each driver:

Yes No

☐ ☐  1. Driver application for employment;

☐ ☐  2. Copy of driver's license;

☐ ☐  3. Hire Date;

☐ ☐  4. Inquiry to previous employers - 3yrs;

☐ ☐  5. Inquiry to state agencies;

☐ ☐  6. Medical examiner's certificate;

☐ ☐  7. Driver's road test examination;

☐ ☐  8. Certificate of road test;

☐ ☐  9. Annual M.V. record;

☐ ☐  10. Annual Drivers Certificate of
         Violations;

☐ ☐  11. Annual review of driving record.

The Law Offices of Dino Tangredi
The Miles Pratt House
106 Mount Auburn St.
Watertown, MA 02472
617-926-0012 (p)
618-926-0016 (f)

PX~MIL~252



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THOMAS FORBES, as he is the
Personal Representative of the
Estate of GEORGE J. FORBES,
PLAINTIFF

v.

GREGORY TRUCKING COMPANY,
INC., WILEY LENUE HOOKS, JR.,
GREGORY LEASING COMPANY, INC.
BSG LEASING, INC.; and
B&C TIMBERS LLC.

DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*





George Forbes—"Forbsie"

Ambition: College. Likes: Sports and food.
Dislikes: Homework.



PX~MIL~258

PX~MIL~259









PX~MIL~263

PX~MIL~264



PX~MIL~265